William C. Baton
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza
1037 Raymond Blvd.
Newark, NJ 07102-5426
(973) 286-6700
wbaton@saul.com

*Attorneys for Defendants Valassis Digital Corp.*
*and Valassis Communications, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>VALASSIS DIGITAL CORP., VALASSIS COMMUNICATIONS, INC., VERICAST CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | Case No. _____<br><br>**VALASSIS COMMUNICATIONS, INC.'S NOTICE OF REMOVAL**<br><br>**(Filed electronically)** |

## D.N.J. LOCAL CIVIL RULE 10.1 STATEMENT

1.      The plaintiffs in this action are Atlas Data Privacy Corporation ("Atlas"), Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan ("Individual Plaintiffs," and collectively with Atlas, "Plaintiffs").  The address for Atlas is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.   The precise addresses for the Individual Plaintiffs are unknown to the removing party, defendant Valassis Communications, Inc. ("Valassis Communications").

2.      Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of PEM Law LLP, 1 Boland Dr Suite 101, West Orange, NJ 07052,[1] and John A. Yanchunis, Esq., Morgan & Morgan, 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

3.      Valassis Communications, Valassis Digital Corp., and Vericast Corp. (collectively, "Defendants") are headquartered at, and have their principal place of business at, 15955 La Cantera Parkway, San Antonio, TX 78256.

4.      Valassis Communications and Valassis Digital Corp. are represented by William C. Baton, Esq., Sarah A. Sullivan, Esq., and Alexander L. Callo, Esq. of Saul Ewing LLP, One Riverfront Plaza, 1037 Raymond Blvd., Newark, NJ 07102-

---

[1] Valassis Communications understands that Mr. Parikh and Ms. Einhorn have relocated from the law firm and address listed in the Complaint (Genova Burns LLC, 494 Broad Street, Newark, NJ 07102).

5426; Matthew D. Brown and Bethany C. Lobo (*pro hac vice* applications to be submitted) of Cooley LLP, 3 Embarcadero Center, 20th Floor, San Francisco, CA 94111; and Rebecca L. Tarneja (*pro hac vice* application to be submitted) of Cooley LLP, 355 S. Grand Avenue, Suite 900, Los Angeles, CA 90071.

5.     Vericast Corp. is represented by Kenneth D. Friedman of Manatt, Phelps, and Phillips, LLP, 7 Times Square, New York, NY 10036; and Scott T. Lashway, Matthew M.K. Stein, and Mara A. O'Malley (*pro hac vice* applications to be submitted) of Manatt, Phelps, and Phillips, LLP, 177 Huntington Ave., Suite 2500, Boston, MA 02115.

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that Valassis Communications hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1367, 1441, 1446, and 1453(b), the above-captioned action originally filed in the Superior Court of New Jersey Law Division, Mercer County, and assigned case number MER-L-000290-24. Removal is proper for the reasons set forth herein.

## I.    INTRODUCTION

6.     This action is one of over 140 lawsuits filed by Atlas and its counsel asserting violations of New Jersey's Daniel's Law, N.J. Stat. § 56:8-166.1, a recently amended statute intended to help judges, law enforcement officers, child protective investigators, prosecutors, and immediate family members residing with them

prevent their home addresses and unpublished home telephone numbers from being publicly disclosed online.  The statute allows such individuals ("covered persons") to request that a business or website refrain from publicly disclosing this information and provides that the recipient of such a request must comply within 10 business days, subject to "actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation" of the statute.  N.J. Stat. § 56:8-166.1(c)(1).

7.      While Daniel's Law was passed with the critical purpose of protecting covered persons and ensuring that their private information is removed from the internet, Atlas's lawsuits have little to do with this goal.  Rather, Atlas's decision to bombard the judicial system with over 140 lawsuits reflects a profit-motivated scheme to monetize Daniel's Law, through (i) incorporating in Delaware after the passage of Daniel's Law in New Jersey, (ii) recruiting covered persons to register with Atlas online; (iii) having those covered persons purport to assign their present and future claims to Atlas under a 2023 amendment to Daniel's Law; (iv) selecting hundreds of businesses to be noticed under Daniel's Law; (v) sending thousands of automated requests *en masse* to each business on behalf of covered persons over a short period, with the aim of overwhelming the business and preventing it from processing the requests in time; and (vi) filing suit on behalf of those covered persons against these more than 140 businesses and seeking tens of millions of dollars in statutory damages, in addition to other damages and remedies, in each case.

8.      Atlas additionally seeks to avoid federal jurisdiction by omitting any express reference to a class action or mass action procedure.  But its efforts are to no end; jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") does not yield to artful pleading.  Where, as here, plaintiffs seek to assert nearly 20,000 individual claims in one action, the action is substantively a "class action" or "mass action" under CAFA.  Because this action seeks to proceed, in substance, as a "class action" or "mass action" under CAFA, and all of the jurisdictional requirements are otherwise met, this case is subject to federal jurisdiction under CAFA.

9.      This case is also subject to removal based on traditional diversity jurisdiction.  The Individual Plaintiffs expressly allege that they work or reside in New Jersey.  And Atlas's citizenship should be disregarded under applicable case law.  *See infra* ¶¶ 74–77.  The Court instead should consider the citizenship of the putative assignees (i.e., the purported covered persons)—who are alleged to work or reside in New Jersey and who seek to avail themselves of rights afforded to certain New Jersey individuals under a New Jersey state law.  As such, there is complete diversity of citizenship between the individual plaintiffs (New Jersey) and Defendants (Delaware and Texas), and this case is subject to removal based on diversity jurisdiction under 28 U.S.C. § 1332(a).

10.      Accordingly, this Court has federal subject matter jurisdiction under CAFA, 28 U.S.C. § 1332(d)(2), and diversity jurisdiction, 28 U.S.C. § 1332(a); and

this case may be removed under 28 U.S.C. §§ 1441, 1446, and 1453.

## II.    PROCEDURAL BACKGROUND

11.    On or about February 8, 2024, Atlas, as a purported assignee for the claims of 19,437 individuals (the putative "Assignors"), and the Individual Plaintiffs filed a complaint in the Superior Court of New Jersey Law Division, Mercer County, entitled *Atlas Data Privacy Corp., et al. v. Valassis Digital Corp., et al.*, Case No. MER-L-000290-24 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

12.    On or about February 22, 2024, Vericast Corp. was served with the Complaint.  (Declaration of Lisa Pick ("Pick Decl.") ¶ 4.)

13.    On or about March 11, 2024, Valassis Communications was served with the Complaint.  A true and correct copy of the Service of Process is attached hereto as **Exhibit 2**.[2]

14.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Valassis Communications in the state court, and not previously referenced, are attached as **Exhibit 3**.

15.    In the Complaint, Plaintiffs allege that Defendants violated New Jersey's Daniel's Law, N.J. Stat. § 56:8-166.1, based on an alleged failure to timely

---

[2] Valassis Digital Corp. has not been served with process and expressly reserves the right to contest any such service or otherwise challenge the sufficiency of the Complaint.

process requests not to "disclose" the Individual Plaintiffs' and Assignors' home addresses and/or unpublished telephone numbers.  (Ex. 1, Compl. ¶¶ 52–56.)

16.    Plaintiffs allege they are each entitled to recover from Defendants "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation,'" along with punitive damages, attorneys' fees, interest (pre- and post-judgment), and litigation costs.  (*See* Ex. 1, Compl. ¶ 65.)  Plaintiffs also allege they are each entitled to "injunctive relief" with respect to the "Plaintiffs' and the [Assignors'] protected information."  (*Id.*)

17.    Pursuant to 28 U.S.C. § 1446(d), Valassis Communications is serving counsel for Plaintiffs with copies of this Notice of Removal, as well as filing a copy with the Clerk of the Superior Court of New Jersey Law Division, Mercer County, as an exhibit to a Notice of Filing of Notice of Removal.

18.    Nothing in this Notice of Removal shall constitute a waiver of Defendants' rights to assert any defense or argument, or avail themselves of any substantive or procedural right, including, but not limited to, motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

19.    If the Court were to consider a remand, Valassis Communications respectfully requests that the Court issue an order to show cause why the case should not be remanded, giving the parties the opportunity to present briefing and argument in support of its position that this action is subject to removal.  *See Dart Cherokee*

*Basis Operating Co., LLC v. Owens*, 574 U.S. 81 (2014).

## III.    REMOVAL IS TIMELY.

20.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). Plaintiffs filed their Complaint on February 8, 2024, and served it on Valassis Communications on March 11, 2024.  (*See* Exs. 1–2.)  Valassis Communications filed this Notice of Removal within thirty (30) days of service on it, and all served defendants consent to removal.  *See* 28 U.S.C. § 1446(b); *see also, e.g.*, *Chagares v. Monmouth Med. Ctr.*, No. 21-20677, 2022 WL 3588103, at *3 (D.N.J. Aug. 22, 2022); *Davis v. Yates*, No. 15-cv-6943, 2016 WL 3921146, at *2 (D.N.J. July 20, 2016); *Ehrenzeller v. McLane Foodservice, Inc.*, No. 13-6872, 2014 WL 325640, at *2–3 (E.D. Pa. Jan. 29, 2014) (all finding that, under 28 U.S.C. § 1446(b), removal is timely when (1) it occurs within 30 days of service on the last-served defendant, and (2) all earlier-served defendants consent to removal).

## IV.    SUBJECT MATTER JURISDICTION EXISTS.

21.    This action is removable pursuant to 28 U.S.C. § 1453(b).  The Court has original jurisdiction over the action under CAFA, 28 U.S.C. § 1332(d)(2), and independently based on traditional diversity jurisdiction, 28 U.S.C. § 1332(a).

22.    Specifically, this Court has jurisdiction because (1) this action is either a "class action" or a "mass action" under CAFA, *see* 28 U.S.C. § 1332(d)(2); and separately, (2) the amount in controversy exceeds $75,000 and the action is between

citizens of different states, 28 U.S.C. § 1332(a).

**A.    CAFA "Class Action" Jurisdiction Exists.**

23.    "Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 89.  Accordingly, "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court.'" *Id.* (quoting S. Rep. No. 109-14 at 43 (2005)); *see also Portillo v. Nat'l Freight, Inc.*, 169 F. Supp. 3d 585, 589 (D.N.J. 2016) (CAFA "expressed a clear preference for qualifying class actions to be entertained in federal forums").

24.    A class action filed in state court is removable to federal district court under CAFA if: (1) the putative class includes more than 100 members, (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and (3) "any member of a class of plaintiffs" is diverse "from any defendant" in any one of three statutorily enumerated ways.  28 U.S.C. § 1332(d)(2). The CAFA requirements are satisfied here.

**1.    This action is a "class action" within the meaning of CAFA.**

25.    This action is a "class action."  CAFA provides:

[T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action. . . .

28 U.S.C. § 1332(d)(1)(B).  CAFA further provides "[t]his subsection shall apply to

any class action before or after the entry of a class certification order by the court with respect to that action."  28 U.S.C. § 1332(d)(8).

26.    Here, the similar state rule is New Jersey Court Rule 4:32, which provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."  N.J. Ct. R. 4:32.

27.    That the Complaint fails to cite any class action joinder rule does not change that the Complaint should be considered a "class action" under CAFA.  That is because if courts "interpreted 'any civil action filed under Rule 23' or a state-law analogue to refer only to cases that specifically mention Rule 23 or a state-law analogue," then "a plaintiff could avoid federal jurisdiction for a lawsuit that resembles a class action in all respects simply by omitting from the complaint the name of the rule or statute under which she proceeds." *Williams v. Emps. Mut. Cas. Co.*, 845 F.3d 891, 901 (8th Cir. 2017).  "[A]llowing class-action plaintiffs to avoid federal jurisdiction simply by omitting explicit reference to the class-action rule they intend to proceed under would promote the kind of procedural gaming CAFA was enacted to prevent."  *Id.*; *see also Badeaux v. Goodell*, 358 F. Supp. 3d 562, 567

(E.D. La. 2019) ("A lawsuit resembling a class action will not escape CAFA jurisdiction simply because it omits the words 'class action' or does not include the state rule or statute under which it proceeds as a class action.").

28.    Accordingly, "[i]f a complaint does not satisfy CAFA's jurisdictional requirements on its face, [courts] must cut through any pleading artifice to identify whether the case is *in substance* an interstate class action." *Erie Ins. Exch. by Stephenson v. Erie Indem. Co*., 68 F.4th 815, 819 (3d Cir. 2023), *cert. denied sub nom. Erie Indem. Co. v. Erie Ins. Exch*., No. 23-434, 2024 WL 759808 (U.S. Feb. 26, 2024) (emphasis added).  The U.S. Supreme Court has warned "that courts must be careful not to 'exalt form over substance' when determining whether a case satisfies CAFA's jurisdictional requirements.'" *Erie Ins.*, 68 F. 4th at 819–20 (quoting *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)); *see Erie Ins. Exch. v. Erie Indem. Co*., 722 F.3d 154, 161 (3d Cir. 2013) ("[f]ailing to affix 'class action' to a pleading" cannot "deprive [the district court] of jurisdiction" under CAFA).

29.    Here, the Complaint is "in substance a class action, . . . notwithstanding [Plaintiffs'] artificial attempt to disguise the true nature of the suit." *Addison Automatics, Inc. v. Hartford Cas. Ins. Co*., 731 F.3d 740, 742 (7th Cir. 2013) (denying remand under CAFA where plaintiff, an assignee of class rights, unsuccessfully attempted to omit reference to Rule 23 in the pleadings to avoid

federal jurisdiction).  Plaintiffs' decision not to cite a Rule 23 analogue in the Complaint does not "disguise the true nature of the suit."  *Id.*

30.    Atlas brings this suit only in its capacity as the purported "assignee of the claims of approximately 19,437 individuals."[3]  (Ex. 1, Compl. ¶ 26.)  As an alleged "assignee," Atlas purports to assert the 19,437 Assignors' individual claims.  *See* N.J. Stat. § 56:8-166.1(d) (an "[a]ssignee" is a "person or entity . . . assigned, in writing, *a covered person's right* to bring a civil action for a violation of" Daniel's Law (emphasis added)).

31.    In other words, Atlas does not bring any claim in its individual capacity.  (*See generally* Ex. 1, Compl.)  Nor can it, as Atlas is not a "covered person" under the statute.  *See* N.J. Stat. § 56:8-166.1(d) (defining "[c]overed person" as "an active, formerly active, or retired judicial officer, law enforcement officer, or child protective investigator . . . , or prosecutor and any immediate family member residing in the same household . . . .").

32.    In its capacity as assignee, Atlas purports to bring claims on behalf of 19,437 individuals (numerosity), *see supra* ¶¶ 11, 30; alleges commonality among the claims (*see* Ex. 1, Compl. ¶¶ 46–58 ("Facts Common to All Counts")); and

---

[3] That the 19,437 Assignors allegedly assigned their claims to Atlas is immaterial. "[F]ederal district courts have both the authority and the responsibility . . . to disregard [an] assignment in determining jurisdiction if it be found to have been made principally to defeat removal."  *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 185 (5th Cir. 1990).

purports to present this case as one in which it can litigate nearly 20,000 individual claims. It would be impossible, for example, to litigate each claim individually before a single jury without raising Seventh Amendment concerns. Further, Plaintiffs do not cite any rule that would allow more than 19,437 claims to be joined in a single suit. Thus, the Complaint, in substance, pleads a class action. *Cf.* N.J. Ct. R. 4:32; Fed. R. Civ. P. 23.

33. Accordingly, the Complaint qualifies as a "class action" under CAFA.

**2. The proposed class exceeds 100 members.**

34. The Complaint's allegations satisfy the first requirement for removal under CAFA: that the putative class includes more than 100 members. 28 U.S.C. § 1332(d)(5)(B). Plaintiffs assert that they are bringing "approximately 19,437" putative Assignors' claims. (Ex. 1, Compl. ¶ 26.) Accepting the allegations in the Complaint as true, there are more than 100 proposed class members.[4] *See, e.g.*, *Phillips v. Wellpoint, Inc.*, No. 10-cv-357, 2010 WL 4877718, at *2 (S.D. Ill. Nov. 23, 2010) (relying on allegation in plaintiff's complaint that "the proposed class will exceed 20,000 policyholders and group members" to support a finding of jurisdiction under CAFA).

---

[4] Valassis Communications does not concede liability, appropriateness of class treatment, appropriateness of Plaintiffs' class definition, or the validity of Plaintiffs' claims for relief.

### 3.    The amount in controversy exceeds $5 million.

35.    The Complaint's allegations satisfy the second requirement for removal under CAFA because the matter in controversy exceeds $5 million.[5]    28 U.S.C. § 1332(d)(2).    Under CAFA, the claims of the individual class members are aggregated to determine whether the matter in controversy exceeds $5 million.    28 U.S.C. § 1332(d)(6).

36.    To meet the amount in controversy threshold, a notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."    *Dart Cherokee*, 574 U.S. at 89; *see also Yucis v. Sears Outlet Stores, LLC*, 813 F. App'x 780, 782 n.2 (3d Cir. 2020).    The amount in controversy "is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated."    *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).    Further, federal jurisdiction is proper "where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum," unless "it appears to a legal certainty that

---

[5] Valassis Communications also does not concede that it is liable to Plaintiffs for any relief requested in the Complaint (or at all).    *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover.    Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

the plaintiff *cannot* recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

37.    A court may consider various forms of relief sought in the complaint to determine the amount in controversy, including damages, punitive damages, attorneys' fees, and the value of an injunction. *See, e.g.*, *Atl. Util. Trailer Sales Inc. v. Harco Nat'l Ins. Co.*, No. 20-02349, 2020 WL 3287129, at *2 (D.N.J. June 18, 2020) ("When determining the amount in controversy, punitive damages and attorney's fees are part of the amount in controversy calculation." (citing *Frederico*, 507 F.3d at 198–99)); *Ifill v. CVS Pharmacy*, No. 20-14818, 2021 WL 486884, at *2 (D.N.J. Feb. 9, 2021) ("[C]laims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." (quoting *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008))); *USAA Cas. Ins. Co. v. CIT Bank, N.A.*, No. 17-7454, 2018 WL 3213324, at *4 (D.N.J. May 15, 2018) (finding "the value of Plaintiff's injunction is likely well beyond the jurisdictional minimum," and thus the "Court is precluded from saying 'to a legal certainty' that Plaintiff cannot recover the requisite jurisdictional amount"), *report and recommendation adopted*, 2018 WL 2427123 (D.N.J. May 30, 2018).

38.    Plaintiffs seek—on behalf of each of the eight Individual Plaintiffs and the "approximately 19,437" putative Assignors (i.e., 19,445 individuals

altogether)—actual damages of "not less than liquidated damages computed at the rate of '$1,000 for each violation'" from each defendant.[6]  (Ex. 1, Compl. at 22.) And each of the approximately 19,445 individuals is alleged to have suffered at least one "separate violation."  (*See id.* ¶ 63.)  As such, the alleged *minimum* aggregated statutory damages alone are $1,000 times 19,445, or $19,445,000 against *each* of the Defendants.  This well exceeds the $5 million minimum for CAFA.

39.    Further, in addition to the three Defendants, Plaintiffs brought this suit against "Richard Roes 1–10 and ABC Companies 1–10," totaling 23 defendants in all.  (*See* Ex. 1, Compl. ¶ 40.)  Thus, according to the Complaint, each of the 19,445 individual claims in the Complaint seeks to recover "not less than" $1,000 in damages from each of the 23 defendants.  Put differently, the Complaint alleges 447,235 total monetary claims, valued (according to Plaintiffs) at $1,000 per violation.  Thus, the total statutory damages amount alleged in the Complaint readily exceeds the $5 million threshold for the aggregate amount in controversy.

40.    Plaintiffs additionally seek: (i) "punitive damages"; (ii) "attorneys'

---

[6] Valassis Communications disputes any interpretation of Daniel's Law that would allow a single plaintiff to recover duplicative actual or statutory damages from multiple defendants for each "violation" of the law.  However, the potential for such a recovery per person must be considered in determining the amount in controversy for purposes of removal.  *See, e.g.*, *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769–70 (N.D. Ill. 2019) (finding removal proper of a complaint asserting violations of the Illinois Biometric Privacy Act because plaintiff did not show that recoverable amount based on per violation theory was "legally impossible").

fees, interest (pre and post judgment) and litigation costs"; (iii) "injunctive relief requiring that Defendants comply with Daniel's Law, and remove the Individual Plaintiffs' and the [Assignors'] protected information wherever disclosed;" (iv) "equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's Law, including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law;" (v) an order "that Defendants immediately comply with Daniel's Law"; and (vii) "such other and further relief against Defendants as the Court deems equitable and just." (Ex. 1, Compl. ¶ 65.) The amount of the requested punitive damages and attorneys' fees, and costs of compliance with Plaintiffs' requested injunctive relief, further increase the amount in controversy—potentially significantly, across the more than 19,000 individuals on whose behalf Plaintiffs purportedly assert claims.

41.    Indeed, "[u]nder New Jersey law, punitive damages are capped at 'five times the liability of that defendant for compensatory damages or $350,000, whichever is greater.'" *Harco*, 2020 WL 3287129, at *2 (quoting N.J. Stat. Ann. § 2A:15–5.14 (2014)).    Thus, "[f]or purposes of the amount in controversy calculation, courts assume this maximum 'five times' multiplier." *Harco*, 2020 WL 3287129, at *2 (citing *Frederico*, 507 F.3d at 199). The liquidated damages ($1,000) and corresponding assumed punitive damages ($5,000) could therefore total $6,000 for each claim, which against 23 defendants equals potential liquidated and punitive

damages of $138,000 for each individual claim.  And $138,000 per claim for more than 19,000 individuals results in alleged aggregate liquidated and punitive damages that far exceed $5 million.

42.    In addition, "[w]hen determining the amount in controversy, . . . attorney's fees are part of the amount in controversy calculation."  *Harco*, 2020 WL 3287129, at *2 (citing *Frederico*, 507 F.3d at 198–99).  The Third Circuit has awarded attorneys' fees of 30 percent of a class judgment.  *See Frederico*, 507 F.3d at 199 (noting that, in determining whether the CAFA threshold has been met, "[f]ees could be as much as thirty percent of the judgment").  Thus, the addition of attorneys' fees to the amount in controversy increases the amount by another 30 percent.  Here, as to just the liquidated damages alleged at $1,000, multiplied by 19,445 claims, the corresponding attorneys' fees valued at 30 percent of a class action judgment could total $5,833,500.

43.    Finally, injunctive relief also constitutes part of the amount in controversy.  *See USAA Cas. Ins.*, 2018 WL 3213324, at *4.  Courts focus on the value of the requested relief to the plaintiff.  *Id.*; *see also Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (the amount in controversy from injunctive relief is determined by the "value of the object of the litigation" (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)).  Here, these additional costs—including, for example, the cost of retaining

an "independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law" (Ex. 1, Compl. ¶ 65)—would further increase the amount in controversy above the $5 million threshold.

44.    In short, without conceding the validity of Plaintiffs' claims, the face of the Complaint plausibly establishes that the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2).

### 4.    There is minimal diversity.

45.    The Complaint's allegations satisfy the third requirement for removal under CAFA, minimal diversity—meaning that at least one class member is a citizen of a different state from at least one defendant. 28 U.S.C. § 1332(d)(2)(A).

46.    Plaintiffs allege that the Individual Defendants are citizens of the State of New Jersey. (Ex. 1, Compl. ¶¶ 15, 16, 18.) Further, the Complaint alleges that the putative Assignors "include individuals who reside, work or had previously resided or worked in New Jersey." (*Id*. ¶ 27.)

47.    Defendant Valassis Communications is a Delaware corporation whose principal place of business is located at 15955 La Cantera Parkway, San Antonio, TX 78256. (Pick Decl. ¶ 3.)

48.    Because Valassis Communications, on the one hand, and members of the putative class, on the other hand, are citizens of different states, the minimal

diversity requirement under CAFA is met.[7]

> **B.    CAFA "Mass Action" Jurisdiction Exists.**

49.    In addition, or in the alternative, removal is proper because the instant case is a "mass action" under CAFA.

50.    "Congress created the mass action in 2005, when it passed the Class Action Fairness Act (CAFA), a mostly jurisdictional statute." *Robert D. Mabe, Inc. v. OptumRX*, 43 F.4th 307, 318 (3d Cir. 2022).  "CAFA's drafters feared that large-scale state litigation—deemed mass actions and brought under non-class joinder and consolidation rules—would evade CAFA's removal provisions simply because [such] litigation was not pursued under class action rules.  So, Congress included mass-action provisions in CAFA." *Id.* at 318 (citations and quotations omitted).  In other words, "the mass action provision prevents plaintiffs' counsel from avoiding CAFA's expanded federal jurisdiction by simply choosing not to seek class certification." *Lowery*, 483 F.3d at 1194, n.32 ("mass actions are simply class actions in disguise" (quoting S. Rep. No. 109-14 at 47 (2005))).

51.    Thus, CAFA defines "class action" to include any "mass action"—

---

[7] The citizenship of the other Defendants is irrelevant because, for minimal diversity, only one defendant must be diverse from one class member.  28 U.S.C. § 1332(d)(2)(A); *see Lowery v. Ala. Power Co.*, 483 F.3d 1184, n.24 (11th Cir. 2007).  However, Valassis Digital Corp. and Vericast Corp. are also citizens of Delaware and Texas, and thus diverse from members of the putative class. *See infra* ¶¶ 70–71.

which it defines, in turn, as any civil action "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(A), (B)(i). A district court has "mass action" jurisdiction under CAFA over any of those 100 or more "plaintiffs whose claims in a mass action satisfy the jurisdictional amount" of $75,000. *Id.*

52. In short, "mass actions are deemed to be class actions removable under 28 U.S.C. § 1332(d)(2)–(10) if they otherwise meet the provisions of those paragraphs." *OptumRX*, 43 F.4th at 319 (citing 28 U.S.C. § 1332(d)(11)(A)).

53. Thus, federal jurisdiction exists under CAFA for a mass action that satisfies (1) the class action requirements of (a) minimal diversity and (b) the $5,000,000 aggregate amount in controversy; (2) numerosity for a mass action; and (3) the $75,000 individual amount in controversy requirement. The CAFA mass action requirements are also satisfied here.

### 1.    This action meets the class action requirements of CAFA.

54. "[U]nder § 1332(d)(11), a mass action 'will be treated as a class action for jurisdictional purposes. Thus, if such a civil action met the other diversity jurisdictional prerequisites set forth for class actions in [CAFA], that civil action would be subject to federal jurisdiction.'" *OptumRX*, 43 F.4th at 324 (quoting S. Rep. No. 109-14 at 46 (2005)).

55.    As explained above, there is minimal diversity between the parties, *see supra* ¶¶ 45–48; and the aggregate amount in controversy exceeds $5 million, *see supra* ¶¶ 38–41.   Therefore, the class action requirements for mass actions under CAFA are satisfied.

### 2.    The action seeks monetary relief for 100 or more persons.

56.    Under CAFA, "the term 'mass action' means any civil action . . . in which *monetary relief claims of 100 or more persons* are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i) (emphasis added).

57.    The question for mass actions "is not whether 100 or more plaintiffs answer a roll call in court, but whether the '*claims*' advanced by 100 or more persons are proposed to be tried jointly." *Bullard v. Burlington N. Santa Fe Ry. Co.*, 535 F.3d 759, 762 (7th Cir. 2008) (emphasis added).   "Where a single complaint joins more than *100 separate claims* involving common questions of law and fact, there is a presumption that those plaintiffs have implicitly proposed a joint trial." *Ramirez v. Vintage Pharms., LLC*, 852 F.3d 324, 329 (3d Cir. 2017) (emphasis added).

58.    In the Third Circuit:

It is blackletter law that "*the assignee steps into the shoes of the assignor*." 29 Williston on Contracts § 74:56 (4th ed. 1999) ("Simply stated, the assignee steps into this pair of the assignor's shoes absolutely . . . ."). As a result, "[a]n assignee's right against the obligor is subject to all . . . defenses thereto . . . ." Restatement (First) of Contracts § 167(1) (1932).  These defenses include not only defenses to the merits

of the claim, but *defenses based on where and how the claims may be prosecuted.*  For instance, if an assignor may only press a claim through arbitration, the same constraint will apply to the assignee.

*Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, No. 15-6480, 2020 WL 5211035, at *11 (E.D. Pa. Sept. 1, 2020) (emphasis added).

59.    Based on these fundamental contractual principles, the Third Circuit has found that "assignees can be counted as class members when evaluating" numerosity requirements.  *Id.* at *10 (citing *In re Modafinil Antitrust Litig.*, 837 F.3d 238, 251–52 (3d Cir. 2016) and *In re Fine Paper Litig. State of Wash.*, 632 F.2d 1081, 1091 (3d Cir. 1980)).  The Court should here too.

60.    Here, Atlas brings each claim for relief on behalf of 19,437 separate, allegedly identified Assignors, in addition to the eight other Plaintiffs who assert claims on their own behalf.  (*E.g.*, Ex. 1, Compl. ¶¶ 15–26, 51.)  More precisely, Atlas only has standing to sue (if at all) as an alleged assignee for each individual Assignor.  *Supra* ¶¶ 30–31; *see* N.J. Stat. §§ 56:8-166.1(b), (d).  Because Atlas "steps into the shoes of" each putative Assignor, Defendants retain all defenses they may have had against any putative Assignor, including "where and how the claims may be prosecuted."  *Winn-Dixie*, 2020 WL 5211035, at *11.  Absent the alleged assignments, the case would be removable under CAFA.

61.    Thus, because Atlas is suing to recover for the "monetary relief claims of 100 or more persons" in a single lawsuit, 28 U.S.C. § 1332(d)(11)(B)(i), the mass-

action numerosity element is satisfied.

### 3. The individual amount in controversy exceeds $75,000.

62.     CAFA states that "jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a) [i.e., of more than $75,000].'" *Haley v. AMS Servicing, LLC*, No. 13-5645, 2014 WL 2602044, at *4 (D.N.J. June 11, 2014) (quoting 28 U.S.C. § 1332(d)(11)(B)(i)).

63.     Courts interpreting this requirement have held that federal jurisdiction exists in a mass action under CAFA where "Defendants have shown that *at least one* individual has a claim where the amount in controversy is greater than $75,000." *Id.* at *4–5 (emphasis added) ("Defendants have also shown that some number of individual Plaintiffs place greater than $75,000 at issue.  Thus, there is CAFA jurisdiction over this action . . . .").

64.     Here, each alleged claim appears to exceed $75,000.  As explained above, for purposes of the amount in controversy, Plaintiffs are seeking $1,000 per violation (at a minimum) plus $5,000 in punitive damages per claim. *Supra* ¶¶ 38–39.  Thus, each of the 19,445 individuals (Individual Plaintiffs and Assignors) seeks a total $6,000 (at a minimum) for each claim, which against 23 defendants results in potential liquidated and punitive damages of $138,000 for each individual's claim—well over the $75,000 amount in controversy requirement. *Id.*

65.    Moreover, as explained above, the Complaint seeks attorneys' fees and injunctive relief, which further increases the individual amount in controversy for each alleged claim. *See supra* ¶¶ 42–43.

66.    Accordingly, the Complaint alleges individual matters in controversy that exceed $75,000 for each putative Assignor and Individual Plaintiff, and therefore satisfies the jurisdictional amount for a mass action under CAFA.

## C.    Diversity Jurisdiction Exists.

67.    This Court additionally has traditional diversity jurisdiction over this case under 28 U.S.C. § 1332(a), whereby a federal district court has original jurisdiction when the amount in controversy exceeds $75,000 and the action is between citizens of different states.  28 U.S.C. § 1332(a).

68.    Each of the requirements of diversity jurisdiction is met here because (i) there is complete diversity of citizenship between Defendants, on the one hand, and the Individual Plaintiffs and putative Assignors, on the other hand; (ii) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (iii) all other requirements for removal have been satisfied.

### 1.    There is diversity of citizenship.

69.    This action satisfies the complete diversity requirement of 28 U.S.C. § 1332(a)(1) because the matter in controversy is between citizens of different states.

70.    Defendants are each organized under the laws of Delaware with their

principal place of business in San Antonio, Texas.  (*See* Pick Decl. ¶¶ 2–4.) Defendants are thus citizens of Delaware and Texas for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1).

71.    Each of the Individual Plaintiffs is allegedly a current or former New Jersey law enforcement officer, who "lives" and/or "work[s]" in New Jersey.  (Ex. 1, Compl. ¶¶ 15–24); *see* N.J. Stat. § 40A:14-122.8 ("[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position").  Accordingly, each of the Individual Plaintiffs is a citizen of New Jersey.

72.    Finally, the Complaint alleges that the putative Assignors (i.e., purported covered individuals) include individuals who reside and/or work in New Jersey.  (Ex. 1, Compl. ¶ 27); *see* N.J. Stat. § 56:8-166.1 ("'Covered person' means an active, formerly active, or retired judicial officer, law enforcement officer, or child protective investigator . . . , or prosecutor and any immediate family member residing in the same household . . . .").

73.    Although Atlas appears as a plaintiff in the case caption, again, it only brings this suit in its capacity as the purported "assignee of the claims of approximately 19,437 individuals" (Ex. 1, Compl. ¶ 26) and does not bring any claim in its individual capacity.  *Supra* ¶ 31.  Therefore, its citizenship must be disregarded for purposes of diversity jurisdiction.

74.    Indeed, when a plaintiff "create[s] or destroy[s] diversity jurisdiction by making a transfer which is an assignment in name only . . . the plaintiff tampers with the jurisdiction of the court by artificially affecting it." *Attorneys Tr. v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 595 (9th Cir. 1996).

75.    Congress prohibited such tampering to create jurisdiction, providing that: "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359. And these "informing principles are much the same" when a plaintiff attempts to destroy diversity jurisdiction through assignment. *Attorneys Trust*, 93 F.3d at 595. In other words,

> [T]here is no more reason for federal courts to countenance destruction of jurisdiction by the use of straw parties than there is for them to countenance the creation of jurisdiction in that manner. . . . In either event, another party is deprived of a forum to which he would otherwise be entitled, and the jurisdiction which Congress conferred upon the federal courts is manipulated.

*Id.* at 598; *see also Grassi*, 894 F.2d at 185 ("assignments which destroy diversity and assignments which create diversity should be analyzed under the same standard"). Therefore, courts disregard an entity's citizenship when the entity has "no legitimate and independent interest in the litigation." *Grassi*, 894 F.2d at 185 (disregarding citizenship of entity that was "simply providing litigation support services on a contingent fee arrangement at the behest of the appellants' attorney").

76.    In assessing whether an assignee's citizenship should be disregarded

for purposes of diversity, courts are permitted to "look beyond the four corners of a complaint" and independently consider the "factual predicates . . . for [the court's] subject matter jurisdiction." *Erie Ins.*, 68 F.4th at 820 (citing *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)).

77.     Here, upon information and belief, the alleged assignments were in part to avoid federal jurisdiction.  By bringing a substantive class action on behalf of approximately 19,437 alleged New Jersey citizens through a putative assignment to a Delaware corporation, Atlas seeks to prevent removal of the action by another Delaware corporation.  In fact, only after Daniel's Law was passed was Atlas conveniently incorporated in Delaware, the same state of incorporation as many of the 140-plus defendants Atlas has sued.  Atlas appears to be primarily providing litigation support services to the putative Assignors—who are alleged to work or reside in New Jersey, who seek to avail themselves of rights afforded to certain New Jersey individuals, and who each bring a single claim each under a New Jersey law. In these circumstances, the Court should disregard the citizenship of Atlas and rely upon the citizenship of the putative Assignors to determine jurisdiction.

78.     Thus, because Defendants are citizens of Delaware and Texas and the Individual Plaintiffs and putative Assignors are allegedly citizens of New Jersey,

complete diversity of citizenship exists under 28 U.S.C. § 1332(a)(1).[8]

### 2.    The alleged amount in controversy exceeds $75,000.

79.    Based on the allegations of the Complaint, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

80.    For purposes of diversity jurisdiction, the Court again need only find that the amount in controversy exceeds $75,000 for a *single plaintiff* to exercise jurisdiction over the entire action.  Indeed, so long as "at least one named plaintiff in the action satisfies the amount-in-controversy requirement," the court may take "supplemental jurisdiction over the claims of other plaintiffs . . . , even if those claims are for less than the jurisdictional amount."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005); *see also Burgess v. Bennet*, No. 20-7103,

---

[8] If the Court nevertheless questions the complete diversity of citizenship (and does not otherwise take jurisdiction under CAFA), Valassis Communications respectfully requests that the Court—before ruling on any motion to remand—order discovery of Atlas related to the purported assignments of claims (e.g., the size of the interest assigned, whether the assignee had any interest in the matter before assignment, whether the assignor and assignee had separate counsel, whether the assignee's attorney is controlling the litigation, the timing of the assignment, whether the assignment could be considered a sort of contingent fee arrangement, and whether there was a strong likelihood of prejudice against the defendants).  *See Grassi*, 894 F.2d at 186 (describing factors to consider in assessing collusive assignment); *Cambridge Place Inv. Mgmt., Inc., v. Morgan Stanley & Co.*, 813 F. Supp. 2d 242, 244 (D. Mass. 2011) (same); *NPD Mgmt. And Bldg. Servs., Inc. v. Geismar N. Am.*, No. 20-2739, 2021 WL 5231870 at *4 (E.D. La. Nov. 10, 2021) ("[I]t is the reality of an assignment, not the term used to describe it, that courts should look to determine whether it was collusive.").

2021 WL 1050313, at *5 n.9 (D.N.J. Mar. 19, 2021) ("although these particular plaintiffs' claims may not reach the amount in controversy, so long one plaintiff in this case satisfies the jurisdictional amount, this Court may exercise supplemental jurisdiction over the remaining plaintiffs' claims").

81.     As set forth above, the amount in controversy well exceeds $75,000 for each of the individuals (i.e., Individual Plaintiffs and putative Assignors).  *Supra* ¶¶ 64–66.   The Complaint alleges potential liquidated and punitive damages of $138,000 for each individual's claim; and it seeks attorneys' fees and injunctive relief, which further increases the individual amount in controversy for each alleged claim.  *Supra* ¶¶ 42, 43, 64–66.

82.      Thus, because the parties are completely diverse and the amount in controversy exceeds $75,000, traditional diversity jurisdiction exists over this action.

## V.    VENUE IS PROPER.

83.     Removal to this Judicial District is proper because this District includes the County of Mercer, where the action is currently pending.  *See* 28 U.S.C. § 110; 28 U.S.C. § 1441(a).

## VI.    CONCLUSION.

84.     Based on the foregoing, Valassis Communications removes the civil action filed in the Superior Court of New Jersey Law Division, Mercer County, to

the United States District Court for the District of New Jersey with the consent of the other served defendant (Vericast Corp.).

85.    Valassis Communications reserves the right to amend and/or supplement this Notice of Removal.

Dated:  April 10, 2024                    Respectfully submitted,


                                          s/ William C. Baton
                                          William C. Baton
                                          Sarah A. Sullivan
                                          Alexander L. Callo
                                          SAUL EWING LLP
                                          One Riverfront Plaza
                                          1037 Raymond Blvd.
                                          Newark, NJ 07102-5426
                                          (973) 286-6700
                                          wbaton@saul.com
                                          sarah.sullivan@saul.com

                                          COOLEY LLP
                                          Matthew D. Brown (*pro hac vice*
                                          forthcoming)
                                          Bethany C. Lobo (*pro hac vice*
                                          forthcoming)
                                          3 Embarcadero Center, 20th Floor
                                          San Francisco, CA  94111
                                          Telephone:  (415) 693-2000
                                          E-mail:  brownmd@cooley.com
                                          E-mail:  blobo@cooley.com

                                          Rebecca L. Tarneja (*pro hac vice*
                                          forthcoming)
                                          355 S. Grand Avenue, Suite 900
                                          Los Angeles, CA  90071
                                          Telephone:  (213) 561-3250
                                          E-mail:  rtarneja@cooley.com

                                          *Attorneys for Defendants Valassis
                                          Digital Corp. and Valassis
                                          Communications, Inc.*

## <u>LOCAL CIVIL RULE 11.2 STATEMENT</u>

Pursuant to Local Rule 11.2, the undersigned counsel, on behalf of Valassis Communications, certifies that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:  April 10, 2024                                    Respectfully submitted,


                                                    s/ William C. Baton
                                                    William C. Baton
                                                    Sarah A. Sullivan
                                                    Alexander L. Callo
                                                    SAUL EWING LLP
                                                    One Riverfront Plaza
                                                    1037 Raymond Blvd.
                                                    Newark, NJ 07102-5426
                                                    (973) 286-6700
                                                    wbaton@saul.com
                                                    sarah.sullivan@saul.com

                                                    *Attorneys for Defendants Valassis
                                                    Digital Corp. and Valassis
                                                    Communications, Inc.*

# Exhibit 1

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

*Attorneys for Plaintiffs Atlas Data Privacy
Corporation, Jane Doe-1, a law
enforcement officer, Jane Doe-2, a law
enforcement officer, Edwin Maldonado,
Scott Maloney, Justyna Maloney, Patrick
Colligan, Peter Andreyev, and William
Sullivan*

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> VALASSIS DIGITAL CORP., VALASSIS COMMUNICATIONS, INC., VERICAST CORP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-_____-24 <br><br> **CIVIL ACTION** <br><br> **COMPLAINT** |

Plaintiffs Atlas Data Privacy Corporation ("Atlas") as the assignee of individuals who are

Covered Persons under Daniel's Law along with Jane Doe-1 (a law enforcement officer), Jane

Doe-2 (a law enforcement officer), Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick

Colligan, Peter Andreyev, and William Sullivan (collectively, "Plaintiffs"), by and through their

undersigned counsel, hereby submit this Complaint against Defendants and state as follows:

<u>INTRODUCTION</u>

1.      In these tumultuous times, it is critical that the most sensitive personal information

of those who serve the public be protected from unwarranted disclosure.  As set forth below,

Daniel's Law was passed unanimously by our Legislature to provide judges, law enforcement

officers, and prosecutors – and their families – with the right to prevent the disclosure of their

home addresses and unpublished home telephone numbers, and to enforce those rights against

uncooperative profit-seeking data brokers.

2.      This complaint seeks to protect those important rights, against companies brokering

data and choosing profit and personal gain over a critical public interest and the unequivocal

mandate of the law.  Companies in the business of disclosing this protected information have

avoided accountability for far too long, proffering such information, including home addresses and

unpublished home telephone numbers, without sufficient regard for the risks and consequences

imposed upon individuals who serve critical judicial and law enforcement roles.

3.      The Legislature and Governor unanimously agree that the basic safety of those who

serve – and their families – must be assured.  Here, not only do the data brokers wantonly and

repeatedly disregard the law, but they also demonstrate a callousness towards the well-being of

those who serve.  Our judges, law enforcement officers and prosecutors should receive the full

measure of protection afforded to them under the same laws they enforce for the safety of all

citizens.

4.      With this action, Plaintiffs seek to enforce the important rights granted to judges,

law enforcement officers, and prosecutors under Daniel's Law.  Consistent with the statutory

provisions, Atlas brings this action as an assignee for certain individuals, including many family

2

members of law enforcement officers and prosecutors.  Plaintiffs seek all available injunctive relief and statutory damages, including to prevent any further disclosure by Defendants of information in violation of Daniel's Law.

## BACKGROUND

### Passage of Daniel's Law in New Jersey

5.      In July 2020, Daniel Anderl, the son of a New Jersey federal Judge, was shot dead by a gunman posing as a FedEx delivery man at the front door of the family's New Jersey home. Daniel, who was just age 20 and a rising junior in college, and who aspired to practice law like his parents, took a bullet to his chest trying to protect his parents.  By the time his mother, a Judge, came to the door to check on what happened, the killer was gone.  But her husband was critically wounded, and Daniel tragically died from the gunshot.

6.      During the investigation, the perpetrator was found to have certain political and personal grievances against the Judge, and went to their home that day intending to kill her. Instead, he murdered the Judge's son and almost succeeded in killing her husband as well. Investigators eventually connected this attack with another shooting of an attorney in California, who was similarly mortally gunned down answering the door to his residence to pick up a supposed package from the same disguised gunman.  Authorities concluded that the shooter was disgruntled over certain legal cases with similar political and legal issues to what was pending before Daniel's mother.

7.      Critically, the gunman was able to find the home addresses of both of his murder victims through the various people finder resources available on the internet,[1] the same kind of data broker services at issue in this case.

---

[1] https://www.cbsnews.com/news/esther-salas-son-murder-roy-den-hollander-48-hours/.

3

**New Jersey Passes Daniel's Law in 2020**

8.      In response to the shooting of Daniel, New Jersey enacted Daniel's Law within a few months, in November 2020 (P.L. 2020, c. 125 *codified in* <u>N.J.S.A.</u> 47:1A-1, <u>et</u> <u>seq.</u> and <u>N.J.S.A</u> 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.  Law enforcement personnel are expressly covered by the statute, in full recognition that the public service they provide is no less dangerous or important than those of Judges and prosecutors.

9.      Any such covered person may request that a data broker not "disclose or re-disclose on the Internet or otherwise make available" their home addresses or unpublished home telephone numbers.  Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."  Data brokers must cease disclosure of this protected information within 10 business days of receiving a nondisclosure request from a covered person.

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

10.      Similar to the actions taken by the State of New Jersey, federal judges such as U.S. Supreme Court Chief Justice John G. Roberts Jr. proposed and supported a federal version of Daniel's Law.  The Chief Justice was quoted stating, "[t]he law requires every judge to swear an

oath to perform his or her work without fear or favor, but we must support judges by ensuring their safety … [a] judicial system cannot and should not live in fear."[2]

11.     The federal bill, which had broad bipartisan support in both the House and Senate, protected judges' personally identifiable information from resale by data brokers.  It allowed federal judges to redact their personal information displayed on federal government internet sites.

12.     The U.S. Senate voted 83-11 to pass the annual defense authorization bill, with the Daniel Anderl Judicial Security and Privacy Act attached,[3] and it was signed by President Biden.[4]

**Violence Against Police Officers and Judges Has Not Stopped**

13.     Judges, law enforcement officers, and prosecutors put their lives on the line every day, which is clearly exhibited by numerous horrific stories of violence beyond the story of the murder of Daniel Anderl.  For example, in 2020, three shooters openly fired upon the Camden home of two New Jersey police officers and their 10-day old infant.  That the officers were constantly involved in the community doing good afforded them no safety from the perpetrators.[5]

14.     More recently, another perpetrator hunted and killed in cold blood a Maryland Judge, after a child custody ruling.[6]  The killing followed that of a Wisconsin Judge in 2022, where the perpetrator killed the retired Judge out of spite for his handling of a criminal case in 2005.[7]

---

[2] https://www.washingtonpost.com/politics/2022/12/31/supreme-court-roberts-leak-report/.
[3] https://www.uscourts.gov/news/2022/12/16/congress-passes-daniel-anderl-judicial-security-and-privacy-act.
[4] https://www.nj.com/politics/2022/12/biden-signs-defense-policy-bill-that-remembers-3-new-jerseyans.html.
[5] Shooters Open Fire On Home Of New Jersey Police Officers In 'Targeted Attack,' Chief Says (forbes.com).
[6] Judge Andrew Wilkinson: Suspect still on the run after killing a judge at his home in a 'targeted attack' following a child custody ruling, sheriff says | CNN.
[7] Former Judge John Roemer was killed in his Wisconsin home in a targeted attack, officials say | CNN.

5

## **THE PARTIES**

### **The Individual Plaintiffs**

15.    Plaintiff JANE DOE-1, whose name has been anonymized for safety reasons, is a decorated veteran police officer working in Northern New Jersey.  Between 2021 and 2022, Officer Doe-1 participated in a task force that targeted a major criminal organization operating in the state.  Her efforts ultimately led to the arrest and prosecution of a member of the organization's leadership, an individual with an extensive criminal history including threats of violence.  In the subsequent investigation, digital devices recovered from the organization's leadership were analyzed and photographs of Officer Doe-1's personal residence were identified.  Officer Doe-1 lives in the home with her spouse and their young child.  Evidence recovered in the investigation included night-time photography of the young child's bedroom and playroom windows, with the light on while the child was playing inside.  Further investigation revealed that the criminal organization's leadership had hired a private investigator who searched online data broker websites to obtain the officer's home address.  Having identified her home address, text messages confirmed that they had initiated surveillance and were tracking Officer Doe-1's movements to and from her home, immediately prior to the task force initiating arrests.

16.    Plaintiff JANE DOE-2, whose name has been anonymized for safety reasons, is a veteran correctional police officer who lives in Northern New Jersey with her husband and two young children.  Earlier in her career, Officer Doe-2 was the subject of a death threat from a hostile inmate.  The inmate stated that they intended to kill Officer Doe-2, and further implied that they would rely upon a particular private investigator to track down Officer Doe-2's home address to facilitate the murder.  This death threat was investigated and considered credible enough to result in a successful criminal prosecution.  Part of Officer Doe-2's current duties include working in her

correctional facility's law library, where inmates have access to the Internet including online data broker websites and services. Recently Officer Doe-2 and her coworkers discovered a note left behind by an inmate which included the full name and home address of a young female member of the jail's administrative staff. The most effective ways to safeguard the security and privacy of their home addresses - for their own safety and that of their family members - is a frequent topic of discussion and concern among the correctional police officers working at Officer Doe-2's facility.

17. Plaintiff Officer EDWIN MALDONADO joined the Plainfield, New Jersey police department as a patrol officer in 2000. After a few months on the job, he was assigned to street crimes, where he excelled at field work. In 2005, he became a Detective with Plainfield's major crimes unit and joined a Federal task force targeting the Mara Salvatrucha-13 (MS-13) gang in New Jersey. He worked with the task force for the next two years. During that time period, he received multiple credible death threats from MS-13 members. Detective Maldonado did not believe he would be able to safeguard his home address while living in Plainfield and relocated his family to a remote location from which he commuted to work. In 2009, because his relocation effort had been successful and MS-13 could not locate his new home address, gang members targeted Detective Maldonado's mother instead. They intended to burn down her building with her inside, but set fire to an adjacent building by mistake. Phone calls between MS-13 members discussing the premeditated murder of Detective Maldonado and his family, and the premeditated murder of Detective Maldonado's mother, were intercepted by jail wiretaps. Later in multiple criminal trials, evidence was entered into the record regarding these intercepted conversations and premeditated murders, contributing to numerous successful prosecutions.

18.     Plaintiffs Sergeant SCOTT MALONEY ("Sergeant Maloney") and Officer JUSTYNA MALONEY ("Officer Maloney") are husband and wife, both veteran police officers currently serving with the Rahway, New Jersey Police Department.  They live together in New Jersey with their two young children.  In April of 2023, Officer Maloney responded to a routine call of a suspicious individual outside the Motor Vehicle Commission in Rahway.  The individual was an online content creator who often solicits police contact and then films himself debating constitutional rights with the responding officers.  A subset of the content creator's audience is vocally anti-police and videos posted to his social media channel have historically been the source of harassment and intimidation campaigns directed at the officers involved.  In this case, Officer Maloney and several other responding officers were filmed discussing a number of legal issues with the content creator, including whether or not the content creator was required to take his hands out of his pockets to show that he was unarmed.  Overall, the encounter was routine and ended uneventfully.

19.     The resulting video footage was selectively edited and posted to YouTube.  Almost immediately upon the video being posted, Officer Maloney was targeted by followers of the channel and other individuals who viewed the video.  Sergeant Maloney was quickly identified by viewers as Officer Maloney's husband, and became a target himself, due to their relationship as a married couple and his own status as a police officer.  Web links to data broker websites publicly disclosing the Maloney family's home address and unpublished home telephone numbers were posted along with explicit death threats and calls for violence, resulting in dozens of threatening phone calls and text messages.

20.     One of the text messages sent to Sergeant Maloney demanded money and stated that if Sergeant Maloney did not comply then his family would "pay in blood."  The unknown

8

messenger went on to state that they knew where the Maloneys lived and sent the full name and home address of one of the Maloneys' nearby relatives as proof of the messenger's ability to gather sensitive personal information.  Sergeant Maloney refused to comply with any demands.  He then received a video of three individuals in ski masks armed with handguns and assault rifles repeating the extortion demand.  In part of the video, a masked individual points a rifle at the camera and tells Sergeant Maloney that his family is "going to get [their] heads cut off."

21.     Several weeks later, one of the Maloneys' neighbors observed two suspicious looking individuals in ski masks parked one block away from the home and alerted police.  Responding officers arrested two men - who were armed - for unlawful possession of a firearm.  Video surveillance captured by nearby houses shows the two men circling the Maloneys' house immediately prior to their arrest.  Officer Maloney and her two young children were at home at the time.

22.     Plaintiff Detective PATRICK COLLIGAN is a 32-year veteran of the Franklin Township police department in Somerset, New Jersey.  Since 2014, Detective Colligan has served as the President of the New Jersey State Policemen's Benevolent Association, representing more than 33,000 active law enforcement officers throughout the state.  During the course of his law enforcement career, he has received numerous threats of violence targeted at him and his family as a result of his public service.  The seriousness of certain threats necessitated the installation of a surveillance camera system and alarm system, and training for his spouse and children about how to respond in the event of an attack on their home.

23.     Plaintiff Officer PETER ANDREYEV is a 32-year veteran of the Point Pleasant, New Jersey police department.  Officer Andreyev currently services as the Executive Vice President of the New Jersey State Policemen's Benevolent Association, representing more than

33,000 active law enforcement officers throughout the state. During the course of his law enforcement career, he has received numerous threats of violence targeted at him and his family as a result of his public service. Officer Andreyev has counseled many other officers who have been the target of violent threats on ways to protect themselves and their family members from harm. whose protected information has been discovered and has responded to specific incidents where protected information was used by ex-inmates to threaten, harass, or intimidate fellow officers.

24.     Plaintiff Officer WILLIAM SULLIVAN is an 18-year veteran of the New Jersey Department of Corrections. Since 2020, Officer Sullivan has served as the President of New Jersey PBA Local 105, the labor union representing thousands of correctional police officers from the New Jersey Department of Corrections, the Juvenile Justice Commission, and State Parole. During the course of his law enforcement career, he has received numerous threats of violence directed at him and his family as a result of his public service. Inmates incarcerated within New Jersey's state prisons frequently attempt to discover the protected information of correctional officers working in their facility. These attempts and the risks posed by such information being accessible on the Internet is a frequent topic of discussion and concern among correctional officers and their family members. Officer Sullivan has counseled many officers whose protected information has been discovered and has responded to specific incidents where protected information was used by ex-inmates to threaten, harass, or intimidate fellow officers.

**Plaintiff Atlas and its Assignors**

25.     Plaintiff ATLAS DATA PRIVACY CORPORATION is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

26.     As permitted under Daniel's Law, Atlas asserts claims against Defendants as the assignee of the claims of approximately 19,437 individuals who are all "covered persons" under Daniel's Law (together, the "Covered Persons"), including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors.

27.     The Covered Persons include individuals who reside, work or had previously resided or worked in New Jersey, and qualify as "covered persons" as that term is defined under Daniel's Law, each of whom have claims against Defendants for failing to comply with Daniel's Law.

28.     As set forth in more detail below, the Covered Persons (as well as the Individual Plaintiffs) each exercised their rights under Daniel's Law by sending Defendants a written notice requesting that Defendants cease disclosing or re-disclosing on the Internet or otherwise making available their protected information on one or more of Defendants' websites, mailing lists or through other methods of disclosure.

29.     Defendants have not complied with the law by ceasing the disclosure or re-disclosure on the Internet or the otherwise making available of protected information as required under Daniel's Law for each of the Covered Persons (as well as each of the Individual Plaintiffs) as required by the law.

30.     In accordance with Daniel's Law, each of the Covered Persons has assigned their rights for claims thereunder against Defendants to Atlas.

31.     Atlas provides an online platform, including an email service named AtlasMail, to law enforcement officers, prosecutors, judges, and other covered persons.  Atlas works with and provides access to its platform to members of the New Jersey State Policemen's Benevolent Association, the Metropolitan Transportation Authority Police Benevolent Association, New

Jersey PBA Local 105, and the New Jersey State Troopers Fraternal Association, among others. The goal of these unions and associations, since the first passage of Daniel's Law in November 2020, was to increase the safety and well-being of their members and associated households by helping those members to understand and assert the rights provided to them by the law.

32.     Upon signing up for Atlas, a law enforcement officer or other Covered Person is asked a series of questions to collect required personal information and qualify their eligibility as a Covered Person under Daniel's Law.  Once eligibility is confirmed, they are shown a page explaining how the Atlas platform works:



33.     AtlasMail is an email service operated by Atlas.  Upon signing up with Atlas, each law enforcement officer or other Covered Person receives their own AtlasMail account, with a

unique inbox address (e.g. john.doe23@atlasmail.com) for their personal use.  A description of AtlasMail and more information about how the email service works are provided on a page during the signup process:



34.     Having provided personal information, confirmed their eligibility for Daniel's Law, and progressed through several pages explaining the functions of Atlas as a platform and AtlasMail as an email service, the law enforcement officer or other Covered Person is then presented with a page on which they can review their home addresses and unpublished home telephone numbers, a takedown notice template, and a recommended list of data brokers to send notices to.  On this page the law enforcement officer or other Covered Person can choose whether or not to send takedown notices.  If they choose not to send takedown notices to the recommended list, they can select

individual recipients at a later page (as shown in the example copied below).  Here, each of the

Individual Plaintiffs and Covered Persons sent Defendants a takedown notice.



35.     Any reply or response back from a data broker to the law enforcement officer or

other Covered Person is received and displayed in their AtlasMail inbox.  AtlasMail is a fully

featured email service provider, and its users can reply, forward, or use their AtlasMail account as

they would any other email account:





**AtlasMail** Compose

Search in Mail

ALL MAIL | INBOX | SENT | ASSIGNMENT CONFIRMATIONS

| | | |
|---|---|---|
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 11:40 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 11:39 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 11:39 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 8:29 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 8:29 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 8:29 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | Jan 3 |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | Jan 3 |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | Jan 3 |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | Jan 3 |

< 1 2 3 4 5 ... 16 >

36.     With this lawsuit, Atlas seeks to enforce compliance with Daniel's Law for those Covered Persons.  This lawsuit seeks to protect their privacy without unnecessarily putting those individuals in the spotlight.  Atlas will work with the Court and Defendants to implement a protective order to then provide Defendants with the assignments and other information for each of the Covered Persons.

**Defendants**

37.     Defendant Valassis Digital Corp. is an entity that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons.

38.     Defendant Valassis Communications, Inc. is an entity that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons.

39.     Defendant Vericast Corp is an entity that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons.

40.     Defendants Richard Roes 1-10 and ABC Companies 1-10 (collectively with the defendants identified above referred to as the "Defendants") are fictitious names of currently unknown individuals/entities that were also involved with the violations described in this Complaint who have not yet been identified in part due to what appears to be intentional efforts by data brokers to conceal the specific entities involved and responsible for the disclosure of data and information, and individuals responsible for Defendants failures to comply with the law.

41.     Defendants offer and engage in the disclosure of data and information through one or more websites, applications, or mailing lists, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey.  Those websites include:

vericast.com

42.     In accordance with Defendants' business model, visitors, users, or customers may obtain a name and home address and/or a name and unpublished home telephone number (including the name and address and/or unpublished home telephone number of the Individual Plaintiffs and Covered Persons).

43.     Daniel's Law was passed to protect those who serve from the disclosure of this protected information by such services, which disclose such information of the Individual

Plaintiffs and Covered Persons for their own commercial interests, without sufficient regard to the risks and consequences imposed on individuals.

<div align="center"><b><u>JURISDICTION AND VENUE</u></b></div>

44.     This Court has jurisdiction because the parties reside and/or conduct business in New Jersey, along with the Covered Persons, and the unlawful actions complained of herein occurred in New Jersey.

45.     Venue is proper pursuant to <u>R.</u> 4:3-2, in that Mercer County is the county in which one or more of the parties and/or Covered Persons reside and/or conduct business.  In addition, many of the events giving rise to this action occurred in this County.

<div align="center"><b><u>FACTS COMMON TO ALL COUNTS</u></b></div>

46.     As set forth above, New Jersey enacted Daniel's Law in November 2020 (P.L. 2020, c. 125 *codified as* <u>N.J.S.A.</u> 47:1A-1, et seq. and <u>N.J.S.A.</u> 56:8-166.1).

47.     Daniel's Law prohibits data brokers from disclosing or re-disclosing on the Internet or otherwise making available the home addresses or unpublished home telephone numbers of covered persons as defined in the law, upon a written request by those individuals.

48.     Upon notification, and no later than 10 business days after receipt, a data broker must not disclose or re-disclose on the Internet or otherwise make available the home addresses or unpublished home telephone numbers of the covered person.

49.     This includes a mandate that within 10 business days of receiving a nondisclosure request, the data broker shall not disclose the protected information of the covered person. Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and

<div align="center">18</div>

shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

50.    Daniel's Law was amended in 2023, as P.L. 2023, c. 113.  The amendment was passed unanimously by the Assembly on May 25, 2023, by the Senate on June 20, 2023, and was thereafter signed by the Governor on July 20, 2023.

51.    Certain provisions of the amended law, including changes to <u>N.J.S.A.</u> 56:8-166.1, went into effect immediately.

52.    As of July 20, 2023, Daniel's Law as codified in <u>N.J.S.A.</u> 56:8-166.1 provided:[8]

> 3.a. (1) Upon notification pursuant to paragraph (2) of this subsection, and not later than 10 business days following receipt thereof, a person, business, or association shall not disclose or redisclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person, as defined in subsection d. of this section.
>
> b. A person, business, or association that violates subsection a. of this section shall be liable to the covered person, or the covered person's assignee, who may bring a civil action in the Superior Court.
>
> c. The court shall award:
>
>> (1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;
>>
>> (2) punitive damages upon proof of willful or reckless disregard of the law;
>>
>> (3) reasonable attorney's fees and other litigation costs reasonably incurred; and
>>
>> (4) any other preliminary and equitable relief as the court determines to be appropriate.
>
> d.  For the purposes of this section:
>
>> …"Disclose" shall mean to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post,

---

[8] https://pub.njleg.state.nj.us/Bills/2022/PL23/113_.PDF

19

publish, distribute, circulate, disseminate, present, exhibit, advertise or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

53.     Starting on or about January 3, 2024, each of the Individual Plaintiffs and all of the

Covered Persons (who assigned claims to Atlas) sent Defendants written nondisclosure requests

(via email) in accordance with Daniel's Law, using AtlasMail.

54.     For example, a true and correct copy of the email directly from Plaintiff Andreyev

(with personal information redacted) is pasted here:

## Data Subject Request - Redaction/nondisclosure Request

| | |
|---|---|
| **To** | privacyrequests@vericast.com |
| **From** | Peter Andreyev <█████████@atlasmail.com> |
| **Date** | Sat, Jan 6, 2024 9:36 AM UTC-0500 |

Vericast
January 6, 2024

To Whom It May Concern:

I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act"). Pursuant to the Act and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended), I hereby request that you not disclose or re-disclose on the Internet or otherwise make available, the following protected information:

Name: Peter Andreyev

Home Address: ████████████████████

Sincerely,
Peter Andreyev

55.     Defendants failed to cease the disclosure or re-disclosure on the Internet or the

otherwise making available of the protected information of the Individuals Plaintiffs and Covered

Persons within the time period required by Daniel's Law.

56.     Even as of the date of this filing, Defendants still refuse to comply with Daniel's Law.  Protected information of the Individual Plaintiffs and those Covered Persons who assigned Atlas their Daniel's Law claims against Defendants remains available from Defendants using Defendants' search tools or other means of disclosure.

57.     All of the Covered Persons who sent their nondisclosure requests to Defendants (not including the Individual Plaintiffs) have assigned their claims against Defendants to Atlas.

58.     The Individual Plaintiffs and Atlas hereby assert claims against Defendants based on their violation of Daniel's Law and continuing refusal to comply with that law.

## COUNT ONE

### (Daniel's Law)

59.     The allegations of the Complaint set forth above are included herein as if set forth at length.

60.     The Individual Plaintiffs and Covered Persons transmitted notice in writing to Defendants requesting that Defendants cease disclosure of their home address and/or unpublished home telephone number and cease its disclosure or re-disclosure on the Internet or wherever Defendants otherwise made it available.

61.     Defendants had an obligation under Daniel's Law to comply with the request within ten (10) business days.

62.     As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information (including home addresses and/or unpublished home telephone numbers) of the Individual Plaintiffs and the Covered Persons remains "available or viewable within a searchable list or database" or otherwise made available.

21

63.     Defendants did not cease the disclosure or re-disclosure on the Internet or the otherwise making available of information as required under Daniel's Law, and their failure in doing so each constitute a separate violation under the law.

64.     As a result of Defendants' failures to comply with Daniel's Law, Plaintiffs have suffered damages, and request all available relief.

65.     As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information of the Individual Plaintiffs and the Covered Persons remains disclosed or otherwise made available despite proper requests for nondisclosure in violation of Daniel's Law. As such, Plaintiffs request that the Court enter all appropriate legal and equitable relief.

WHEREFORE, Plaintiffs request that Judgment be entered against Defendants as follows:

A. Ordering that Defendants immediately comply with Daniel's Law, and cease the disclosure of the Individuals Plaintiffs' and the Covered Persons' names, home addresses, and unpublished home telephone numbers wherever disclosed or re-disclosed on the Internet or otherwise made available;

B. Awarding actual damages, not less than liquidated damages under Daniel's Law, at "$1,000 for each violation";

C. Awarding an additional amount in punitive damages, to be determined by the Court, for "willful noncompliance" as allowed under Daniel's Law;

D. Awarding reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred;

E. Ordering injunctive relief requiring that Defendants comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons' protected information wherever disclosed;

F. Entering equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's law, including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law; and

G. Awarding such other and further relief against Defendants as the Court deems equitable and just.

Respectfully Submitted,

**GENOVA BURNS LLC**

Dated: February 7, 2024

By: */s/ Rajiv D. Parikh* _____

Rajiv D. Parikh
Kathleen Barnett Einhorn
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777

*Attorneys for Plaintiffs*

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis
Ryan J. McGee
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com

(*pro hac vice motions to be filed*)

## DESIGNATION OF TRIAL COUNSEL

The Court is advised that pursuant to New Jersey Court Rules 4:5-1(c) and 4:25-4, Rajiv D. Parikh, Esq. is hereby designated as trial counsel for Plaintiffs in this matter.

**GENOVA BURNS LLC**

Dated: February 7, 2024                    By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy between the parties hereto is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of my knowledge and belief.  Also, to the best of my knowledge and belief, no other action or arbitration proceeding between the parties hereto is contemplated.  Further, other than the parties set forth in this pleading and the previous pleadings, if any, at the present time we know of no other parties that should be joined in the within action.

**GENOVA BURNS LLC**

Dated: February 7, 2024                    By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

Pursuant to Rule 1:38-7(b), it is hereby stated that all confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

**GENOVA BURNS LLC**

Dated: February 7, 2024                    By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

# Exhibit 2



## Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | SHELLEY POLLOK<br>VERICAST CORP.<br>15955 LA CANTERA PKWY<br>SAN ANTONIO, TX 78256-2589 |
| **RE:** | **Process Served in North Carolina** |
| **FOR:** | Valassis Communications, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ATLAS DATA PRIVACY CORPORATION, AS ASSIGNEE OF INDIVIDUALS WHO ARE COVERED PERSONS. ET AL vs. VALASSIS DIGITAL CORP. |
| **CASE #:** | MERL00029024 |
| **NATURE OF ACTION:** | Subpoena - Business records |
| **PROCESS SERVED ON:** | C T Corporation System, Raleigh, NC |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/11/2024 at 13:30 |
| **JURISDICTION SERVED:** | North Carolina |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Lee Ann Stevenson  leeann.stevenson@vericast.com |
| | Email Notification,  Bradley Wilder  bradley.wilder@vericast.com |
| | Email Notification,  Sonya Szot  sonya.szot@vericast.com |
| | Email Notification,  SHELLEY POLLOK  shelley.pollok@harlandclarke.com |
| | Email Notification,  Brett Broadwater  brett.broadwater@vericast.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>160 Mine Lake CT, Suite 200<br>Raleigh, NC 27615<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                          Mon, Mar 11, 2024
**Server Name:**                   Marcus Lawing

| | |
|---|---|
| Entity Served | VALASSIS COMMUNICATIONS, INC. |
| Case Number | MER-L-000290-24 |
| Jurisdiction | NC |

| Inserts | | |
|---|---|---|
| | | |





# Guaranteed Subpoena Service, Inc.

**NAPPS Member**
**2009 Morris Avenue, Union, New Jersey 07083**
**Phone: (800) 672-1952 Fax: (908) 688-0885 Email: Info@Served.com**

## www.SERVED.com

20240223105523

---

| | |
|---|---|
| DATE: | **3/5/2024** |
| GSS#: | **20240223105523** |
| TO: | **HPS PROCESS SERVICE, INC. - NC** |
| | **6325 FALLS OF NEUSE ROAD  SUITE 35-318  RALEIGH  NC  27615** |
| PHONE: | **8007969559   Fax: 8168429801   E-mail: SERVICE@HPSPROCESS.COM** |

---

**SPECIAL INSTRUCTIONS:**

1. **GUARANTEED SUBPOENA SERVICE AFFIDAVIT/PROOF OF SERVICE MUST BE COMPLETED IN FULL!**

2. **IN ACCORDANCE WITH NEW JERSEY RULES OF COURT 4:4-7 WE MUST FILE THE AFFIDAVIT/PROOF OF SERVICE WITHIN THE TIME THE DEFENDANT HAS TO RESPOND. YOUR FAILURE TO IMMEDIATELY RETURN THE AFFIDAVIT WILL NOT ALLOW US TO COLLECT ANY FEES; THEREFORE NO PAYMENT COULD BE MADE FOR YOUR SERVICE!**

Service is on: **VALASSIS COMMUNICATIONS, INC,**
**160 MINE LAKE CT STE 200**
**RALEIGH NC 27615**

Paper(s) to be served: **LETTER, SUMMONS, DOCUMENT PRESERVATION NOTICE,  FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS, FIRST SET OF INTERROGATORIES, COMPLAINT, TRACK ASSIGNMENT NOTICE, CIS, CERTIFICATIONS**

Last Day To Serve: **3/15/2024**      We Have Attached A Witness Fee Of:      CheckNo:

**Notes: NJ COURT RULES: IF SERVING SUMMONS AND COMPLAINT TO AN INDIVIDUAL AT HOME YOU MAY SUB-SERVE ON ANYONE OVER THE AGE OF 14, SERVING AN INDIVIDUAL AT WORK -PERSONAL SERVICE ONLY, IF SERVING A REGISTERED AGENT * PERSONAL SERVICE ONLY*. IF SERVING A BUSINESS C/O A PERSON, MUST BE SERVED TO PERSON LISTED. IF SERVING AN INDIVIDUAL AT HIS PLACE OF WORK: MUST BE PERSONAL "IN HAND" SERVICE ON THE INDIVIDUAL (ENTITY) ONLY**

**\*\*DO NOT POST DOCUMENTS WITHOUT AUTHORIZATION FROM FIRM\*\***
 **\*\*\* RETURN ORIGINAL AFFIDAVIT  \*\*\***

**IMPORTANT:**

- **SHOULD YOU ENCOUNTER ANY DIFFICULTY IN RENDERING SERVICE, PLEASE CONTACT YOUR GUARANTEED SUBPOENA SERVICE CUSTOMER SERVICE REPRESENTATIVE IMMEDIATELY!**

- **ALL ACKNOWLEDGEMENTS, FOR SUMMONS, MUST BE FILLED OUT OR SERVICE IS INVALID!**

- **SERVICE MUST BE EFFECTED IN A MANNER SPECIFIED BELOW:**

**PLEASE MAKE NO LESS THAN THREE (3) ATTEMPTS BY DUE DATE. PAPER MUST BE SERVED ACCORDING TO THE RULES OF WHERE THE PAPER IS VENUED AND ANY SPECIAL INSTRUCTIONS FOLLOWED. PLEASE RETURN AFFIDAVIT TO GUARANTEED SUBPOENA IN A TIMELY MANNER - ANY QUESTIONS CALL THE OUT OF STATE DEPT.**

---

**TOTAL FEES FOR SERVICES  RENDERED SHOULD NOT EXCEED $0.00 WITHOUT ADVANCED AUTHORIZATION!**
**BOTH THIS FORM AND THE PROOF OF SERVICE MUST BE RETURNED BEFORE PAYMENT COULD BE RENDERED!**



20240223105523
Marcus Lawing
5279
2024/03/11 13:30:19

ATLAS DATA PRIVACY CORPORATION, AS ASSIGNEE OF INDIVIDUALS WHO ARE COVERED PERSONS, ET AL

Plaintiff

vs

VALASSIS DIGITAL CORP., ET AL

Defendant

**|||||||||||||||||||||||||||||||||**

20240223105523

Superior Court Of New Jersey

MERCER Venue

Docket Number: MER L 290 24

**Person to be served** (Name and Address):
VALASSIS COMMUNICATIONS, INC,
160 MINE LAKE CT STE 200
RALEIGH  NC  27615
**By serving:** VALASSIS COMMUNICATIONS, INC,

**Attorney:** RAJIV D. PARIKH, ESQ.

**Papers Served:** LETTER, SUMMONS, DOCUMENT PRESERVATION NOTICE, FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS, FIRST SET OF INTERROGATORIES, COMPLAINT, TRACK ASSIGNMENT NOTICE, CIS, CERTIFICATIONS

**Service Data:**      [ ] Served Successfully          [ ] Not Served

Date/Time:     _____     _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

### AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

_____

_____

**Description of Person Accepting Service:**

SEX:____  AGE: _____  HEIGHT: _____  WEIGHT: _____  SKIN:_____  HAIR: _____  OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:        Date/Time: _____
                          Date/Time: _____
                          Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available
Served Data:**
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____        _____
     Name of Notary                Commission Expiration

**Docusign Court Approved E-Signature**

I, _____,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____        ____/____/20____
Signature of Process Server               Date

Name of Private Server: _____  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952



Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777 Fax: 973.814.4045
Web: www.genovaburns.com

Rajiv D. Parikh, Esq.
Partner
Member of NJ and NY Bars
rparikh@genovaburns.com
Direct: 973-535-4446

February 21, 2024

**VIA PROCESS SERVER**

Valassis Communications, Inc.
c/o CT Corporation System
160 Mine Lake Ct Ste 200,
Raleigh, NC 27615

Re:    **Atlas Data Privacy Corp. v. Valassis Digital Corp., et al.,
       Docket No.: MER-L-000290-24**

Dear Sir/Madam:

This firm represents plaintiffs with regard to the above-referenced matter. Enclosed for service pursuant to the Rules of Court, please find the following:

1. Summons;
2. Complaint;
3. Case Information Statement;
4. Track Assignment Notice;
5. Document Preservation Letter;
6. First Request for the Production of Documents; and
7. First Set of Interrogatories.

Please be guided accordingly.

Very truly yours,

**GENOVA BURNS LLC**

_s/ Rajiv D. Parikh_
RAJIV D. PARIKH

RDP:dmc
Enc.

**GENOVA BURNS LLC**
Rajiv D. Parikh, Esq. (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000290-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| VALASSIS DIGITAL CORP., VALASSIS COMMUNICATIONS, INC., VERICAST CORP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | **SUMMONS** |
| Defendants. | |

**FROM THE STATE OF NEW JERSEY TO:**

To the Defendants Named Above:

The plaintiffs named above (and identified in the enclosed Complaint) have filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A

telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

　　　　If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

　　　　If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal services Offices and Lawyer Referral services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.


                                   /s/ Michelle M. Smith
                                   MICHELLE M. SMITH, ESQ.
                                   Clerk of the Superior Court

Dated: February 21, 2024


Name and Address of Defendants to be Served:

Valassis Communications, Inc.
c/o CT Corporation System
160 Mine Lake Ct Ste 200,
Raleigh, NC 27615



Genova Burns LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.814.4045
Web: www.genovaburns.com

Rajiv D. Parikh, Esq.
Partner
Member of NJ and NY Bars
rparikh@genovaburns.com
Direct:  973-535-4446

February 21, 2024

Valassis Communications, Inc.
c/o CT Corporation System
160 Mine Lake Ct Ste 200,
Raleigh, NC 27615

**Re:    Atlas Data Privacy Corp. v. Valassis Digital Corp., et al.,
Docket No.: MER-L-000290-24 – Document Preservation Notice**

We represent Atlas Data Privacy Corporation and the Individual Plaintiffs ("Plaintiffs") identified in the enclosed complaint ("Complaint") and summons asserting claims under Daniel's Law, P.L. 2023, c. 113 (N.J.S.A. 56:8-166.1), against the named defendants ("the Defendants").

The purpose of this letter (the "Notice") is to remind Defendants of their present and ongoing obligations to preserve and retain all materials potentially relevant to any of the allegations made by Plaintiffs in the Complaint (the "Dispute").

This includes without limitation hard copies and electronically stored information ("ESI"), such as emails, text messages, messages on instant messaging platforms, and materials stored in or transferred via cloud storage.

This document preservation notice should be read broadly consistent with Defendants' obligations under Rule 4:18-1 and all other applicable rules governing preservation and discovery.

Pursuant to Defendants' preservation obligations, Defendants must immediately take steps to preserve all hard copy documents and ESI relevant to the Dispute, including without limitation:

(a)    suspending Defendants' data destruction and backup tape recycling policies;

(b)    suspending any overwriting or update processes related to any ESI unless a copy of each version is maintained;

(c)    preserving relevant software, including legacy software (unless an exact copy or mirror image is made and stored) and hardware that is no longer in service but was in service during any part of the relevant time period (back to the



Valassis Communications, Inc.
February 21, 2024
Page 2

enactment of Daniel's Law), and CVS source or other version control repositories;

(d)     retaining and preserving necessary information to access, review and reconstruct (if necessary) relevant electronic data, including identification codes and passwords, decryption applications, decompression software, reconstruction software, network access codes, manuals, and user instructions;

(e)     retaining and preserving all ESI related to the Dispute on personal devices (including for example and without limitation computers, phones, and tablets used by Defendants' employees, contractors, and agents);

(f)     retaining and preserving all Slack, WhatsApp, Viber, Signal, Telegram, and other instant messages and chats (including without limitation changing default settings on instant message programs to ensure those records are preserved);

(g)     any other reasonable steps necessary to prevent the destruction, loss, override or modification of relevant data either intentionally or inadvertently, such as through implementation of Defendants' document retention policies

This list is not exhaustive, and Defendants have independent obligations to identify and preserve all relevant information. All ESI must be preserved intact and without modification.

The following is a non-exhaustive list of relevant information that should be preserved (with documents defined broadly to include without limitation all communications, including emails, text messages, and other communications):

- All documents concerning any of the allegations in the Complaint.

- All documents concerning Daniel's Law.

- All documents concerning Atlas.

- All documents concerning any of the Individual Plaintiffs.

- All documents concerning this litigation.



Valassis Communications, Inc.
February 21, 2024
Page 3

- All documents concerning any Daniel's Law  Requests (as defined in N.J.S.A. 56:8-166.2).

- All documents concerning Defendants' receipt of any Daniel's Law Requests.

- All documents concerning Defendants' response to any Daniel's Law Requests.

- All documents concerning Defendants' analysis of any Daniel's Law Requests.

- All documents concerning the disclosure of any home address and/or unpublished home telephone numbers, including without limitation on the website(s) identified in the Complaint after the receipt of any Daniel's Law Requests.

- All documents concerning Defendants' compliance process in connection with any Daniel's Law Requests, including Defendants' failure to comply.

This preservation should include all data and records relevant to assessing Defendants' compliance with Daniel's Law following the receipt of any Daniel's Law Requests, including for example data and records demonstrating any Defendant (or other responsible entity or individual) disclosing or re-disclosing on the Internet (including without limitation with the identified website(s)) or otherwise making available the home address and/or unpublished home telephone numbers of any person who sent any Daniel's Law Request.  Plaintiffs expect that Defendants will preserve data and records concerning each and every violation of Daniel's Law, both for purposes of calculating statutory damages and for purposes of evaluating injunctive relief.

This list is not exhaustive, and Defendants each must conduct an investigation and preserve all information potentially relevant to the Dispute, including all information from any individual who has documents potentially relevant to the Dispute.

Defendants must also take reasonable steps to preserve all hard copy documents and ESI relevant to the Dispute that are not in their possession but are in their custody or control. Documents and ESI in the possession of non-parties that is within Defendants' custody or control must also be preserved intact and without modification.

Preservation of ESI includes preservation not only of the electronic information itself (whether stored online, offline, in a cloud-based server or in other electronic storage, or on any computers, handheld devices, tablets, cell phones or other devices, whether or not in Defendants' possession), but also of relevant related data, including without limitation:



Valassis Communications, Inc.
February 21, 2024
Page 4

     (a)    active, archived and deleted copies of electronic information, such as e-mails, voicemails, text messages, instant messages (for example, Slack messages), calendars, diaries, word processing files, spreadsheets, PDFs, JPEGs, PowerPoint presentations, Google Drive files, Dropbox files, videoconferencing (e.g., Zoom) recordings and files, temporary internet files, cookies, and .ZIP files, among others;

     (b)    databases, including Dropbox, Box, Planbox, Visual Studio Team Services, Amazon RDS, Google Cloud, Microsoft Access or Azure, and SQL systems;

     (c)    metadata about the electronically stored information, including the date that it was created and last modified, and the individual(s) that created and modified it.

This list is not exhaustive, and Defendants must preserve all information potentially relevant to the Dispute. Defendants' failure to preserve relevant ESI may constitute spoliation of evidence and subject Defendants to monetary and other sanctions. Plaintiffs reserve all rights in connection with any spoliation by Defendants. We trust that Defendants will preserve all relevant hard copy documents and ESI for the duration of the Dispute.

Please also maintain records of Defendants' efforts to comply with their preservation obligations. If a dispute arises out of Defendants' failure to preserve documents, Plaintiffs will rely on this letter as evidence of their request and reminder of Defendants' preservation obligations.

Thank you for your cooperation. If you have questions, please contact me.

Sincerely,

**GENOVA BURNS LLC**

   *s/ Rajiv D. Parikh*

**RAJIV D. PARIKH**

RDP:dmc
enc.

**GENOVA BURNS LLC**
Rajiv D. Parikh, Esq. (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER DOCKET NO.: MER-L-000290-24 |
| Plaintiffs, | |
| v. | **CIVIL ACTION** |
| VALASSIS DIGITAL CORP., VALASSIS COMMUNICATIONS, INC., VERICAST CORP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | **PLAINTIFFS' FIRST REQUEST TO DEFENDANT FOR PRODUCTION OF DOCUMENTS** |
| Defendants. | |

TO:    VALASSIS COMMUNICATIONS, INC.

PLEASE TAKE NOTICE that the undersigned, attorneys for plaintiffs, hereby demands that each Defendant produce and/or permit Plaintiffs or someone acting on Plaintiffs' behalf to inspect and copy the following designated documents at the offices of Genova Burns LLC, within the manner and within the time prescribed by the Rules of Court of the State of New Jersey.

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

By: ___*/s/ Rajiv D. Parikh*___
    Rajiv D. Parikh

DATED: February 21, 2024

## <u>INSTRUCTIONS</u>

A.    If you assert a privilege or work-product immunity as a ground for non-production of any document requested, <u>please produce all documents over which you are not asserting any such privilege or immunity</u>, and in addition, set forth a0s to each document over which a privilege is claimed:

(1)    the date of the document;

(2)    the type of document (e.g., letter, memorandum, chart, etc.);

(3)    the names and addresses of all authors and recipients of the document and the employer and business or legal title of each author or recipient;

(4)    a detailed explanation of why the privilege or immunity is deemed applicable, including sufficient facts for the Court to make a full determination of whether your assertion is valid; and

(5)    the present location of the document and the name and address of its custodian.

B.    This Request for Production shall be deemed continuing so as to require supplemental responses if you obtain or discover additional documents between the time your responses are served and the time of trial.

C.    In producing documents in compliance with this Request, produce all documents which are available to you, including documents in the custody, possession or control of your attorney or investigators for your attorney, and not merely such documents known to exist to your own personal knowledge.  If you do not comply in full with the following Request for Production due to the non-existence of the documents(s) sought, so state in writing, specifying the reason for your inability to produce such documents(s).

D.    In producing documents in compliance with this Request, collate and identify each

document by the numbered Request(s) for Production to which each document is produced. If any particular document produced is responsive to more than one numbered Request for Production, identify each numbered Request to which said document is responsive.

## DEFINITIONS

A.      "And" and "or" as used herein shall have the same meaning, that is, the disjunctive meaning of "or." The listing of terms separated by commas, semi-colons, the word "and" or the word "or" shall be deemed to require a response to each and every term listed.

B.      "Atlas" means Atlas Data Privacy Corporation ("Atlas") who is a Plaintiff and assignee of individuals who are covered persons under Daniel's Law as further alleged in the Complaint.

C.      "Daniel's Law" means the law enacted in November 2020 (P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.

D.      "Daniel's Law Request" means any request pursuant to Daniel's Law (N.J.S.A. 56:8-166.2) to refrain from disclosing, re-disclosing, or otherwise making available protected information and/or remove protected information from the Internet or where otherwise made available.

E.      "Defendant" refers to each and every defendant identified in the Complaint and shall also include any and all agents, officers, directors, attorneys, employees, contractors, predecessors in interest, parents, subsidiaries, affiliates, assigns, successors, and representatives of any/all of them, or other persons acting on its respective or collective behalf.

F.      "Describe," "set forth" and "state" all mean to state the substance of the event,

circumstances, facts, communications, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present threat or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method or means of communications employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired, setting forth the underlying facts rather than ultimate conclusions.

G.    "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any written, reported, filmed, magnetically stored, or graphic matter, or record of any type or description, whether produced, reproduced or producible on paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media, including but not limited to emails, memoranda, notes, minutes, records, photographs, computer programs, correspondence, telegrams, diaries, bookkeeping entries, specifications, source code, object code, flow charts, financial statement, charts, studies, reports, graphs, statements, notebooks, handwritten notes, applications, feasibility studies, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including but not limited to, originals and all copies which are different in any way from the original, whether by interlineation, receipt stamp, notation, indication of copy sent or received, or otherwise, and drafts, which are in the possession, custody or control of the present or former agents, officers, directors, representatives, employees, or attorneys of Defendant, or all persons acting on Defendant's behalf, including documents at any time in the possession, custody or control of such individuals or entities who are known by Defendant to exist.  Include also any catalog, brochure or any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, stored, transcribed, punched, taped, filed or

graphic matter however produced or reproduced, to which Defendant has or have had access.

H.      "Identify," or "identification" mean, when used in reference to:

    (1)     a natural person, his or her:

        (a)    full name;

        (b)    present or last known home address (including street name and number, city or town, state, zip code, and telephone number);

        (c)    present or last known business address (including street name and number, city or town, state, zip code, and telephone number);

        (d)    present or last known occupation, position, business affiliation, and job description;

        (e)    occupation, position, business affiliation, and job description at the time relevant to the particular interrogatory being answered.

    (2)     a company, corporation, association, partnership or legal entity other than a natural person:

        (a)    its full name;

        (b)    a description of the type of organization or entity;

        (c)    the full address (including street name and number, city or town, state, zip code, and telephone number) of its principal place of business;

        (d)    the jurisdiction of incorporation or organization.

    (3)     a document:

        (a)    its description (for example, letter, memorandum, report);

        (b)    its title (e.g., letter, memorandum, telegram, chart, etc.)

        (c)    its date;

(d)    the number of pages thereof;

(e)    its subject;

(f)    the identity of its author, signatory or signatories, and any person who participated in its preparation;

(g)    the identity of its addressee or recipient;

(h)    the identity of each person to whom copies were sent and each person by whom copies were received;

(i)    its present location; and

(j)    the identity of its present custodian.

(If any such document was, but is no longer, in the possession of or subject to the control of Defendant, state what disposition was made of it and when).

(4)    a communication or statement:

(a)    the date and time when it occurred;

(b)    the place where it occurred;

(c)    the complete substance of the communication;

(d)    the identity of each person; (1) to whom such communication was made; (2) by whom such communication was made; and (3) who was present when such communication was made;

(e)    if by telephone:  (1) the identity of each person:  (i) who made each telephone call; and (ii) who participated in each call; and (2) the place where each person participating in the telephone call was located;

(f)    the identity of all documents memorializing, referring to or

relating in any way to the subject of the communication.

I.      "Individual Plaintiffs" means the Plaintiffs identified in the Complaint other than Atlas and shall include any and all agents, officers, directors, attorneys, employees, and other persons acting on its behalf.

J.      "Plaintiff" means the Plaintiffs identified in the Complaint and shall include any and all agents, officers, directors, attorneys, employees, and other persons acting on its behalf.

K.      "Person" means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

L.      "You" and "Your" refers to each Defendant responding to these requests, with the term Defendant broadly defined above.

## <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

1.      Any and all documents concerning any of the allegations in the Complaint.

2.      Any and all documents concerning Daniel's Law.

3.      Any and all documents concerning Atlas.

4.      Any and all documents concerning any of the Individual Plaintiffs.

5.      Any and all documents concerning this litigation.

6.      Any and all documents concerning any Daniel's Law Requests.

7.      Any and all documents concerning Defendants' receipt of any Daniel's Law Requests.

8.      Any and all documents concerning Defendants' response to any Daniel's Law Requests.

9.      Any and all documents concerning Defendants' analysis of any Daniel's Law Requests.

10.     Any and all communications and documents regarding communications with any of the Individual Plaintiffs, Atlas, or any other Covered Person.

11.     Any and all documents concerning the disclosure of any home address and/or unpublished home telephone numbers, including without limitation on the website(s) identified in the Complaint after the receipt of any Daniel's Law Requests.

12.     Any and all documents concerning Defendants' compliance process in connection with any Daniel's Law Requests, including Defendants' failure to comply.

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

By: ___*/s/  Rajiv D. Parikh*___
       Rajiv D. Parikh

DATED: February 21, 2024

## **CERTIFICATION**

I hereby certify on behalf of _____ that I have reviewed the document production requests and that I have made or caused to be made a good faith search for documents responsive to the requests.  I further certify that as of this date, to the best of my knowledge and information, the production is complete and accurate based on ( ) my personal knowledge and/or ( ) information provided by others.  I acknowledge my continuing obligation to make good faith effort to identify additional documents that are responsive to the request and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them.

_____

DATED:

**GENOVA BURNS LLC**
Rajiv D. Parikh, Esq. (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, et al.,<br><br>        Plaintiffs,<br>    v.<br><br>VALASSIS DIGITAL CORP., VALASSIS COMMUNICATIONS, INC., VERICAST CORP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER DOCKET NO.: MER-L-000290-24<br><br><u>**CIVIL ACTION**</u><br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

TO:    VALASSIS COMMUNICATIONS, INC.

PLEASE TAKE NOTICE that the undersigned attorneys for Plaintiffs hereby request that

Defendants answer the following Interrogatories within the manner and within the time prescribed

by the Rules of this Court of the State of New Jersey.

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

By:   /s/ *Rajiv D. Parikh*
            Rajiv D. Parikh

DATED: February 21, 2024

## **INSTRUCTIONS**

A.     If any Interrogatory is not answered in full, state the precise reason for failing to complete the answer.  If a legal objection is made with respect to any Interrogatory, you should set forth the specific reasons for such objection. If your response to all or part of any Interrogatory is incomplete or not known at the time your initial response is made, please (a) include an explicit statement to that effect in your response, designating that it is incomplete and providing the reasons or grounds for any omissions or refusals or inabilities to complete the response; (b) furnish the information that is known or available; and (c) respond to the Interrogatory by amended or supplemental response in writing under oath within 20 days of the date on which the supplemental information becomes known or available.

B.     If you are withholding information requested by any Interrogatory or any portion of an Interrogatory upon a claim that it is privileged or subject to protection as trial preparation material, pursuant to R. 4:10-2(e), make the claim expressly in your written response, identifying the privilege or protection you are claiming, and provide sufficient information about the documents, communications, information, or other items not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable all parties to assess the applicability of the privilege or protection, including identifying the following information in a separate privilege log:

(1)     the nature of the privilege or protection claimed;

(2)     a statement of the basis for the claim of privilege or protection;

(3)     whether, as to the information requested, (i) any document exists, and/or (ii) any oral communications took place;

(4)     a description of the document, oral communication, or other item/information, including:

(a)    For documents: (i) the type of document, *e.g.*, letter or memorandum or e-mail; (ii) the general subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation; (iii) the date of the document; (iv) the author of the document, the addressees of the document, and any other recipients, including each person who was sent or shown blind or carbon copies of the such, or has had access to or custody of such, and, where not apparent, the relationship of the author, addressees, and recipients to each other; and (v) the number of pages, attachments, and appendices;

(b)    For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication; and

(c)    The present custodian of the document, oral communication, or other item/information.

C.    In answering these interrogatories, furnish all information which is available to you, including non-privileged information in the possession of your attorneys, representatives, or investigators for your attorneys, and not merely such information known of your personal knowledge.  If you cannot answer the following Interrogatories in full after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.  This means:

(1)    When answering the following Interrogatories, provide any and all

information either in your possession, under your control, within your dominion, or available to you, regardless of whether this information is in your personal possession, or is possessed by your agents, servants, employees, independent contractors, representatives, or others with whom you have or had a relationship and are capable of deriving information, documents, or materials; and

(2)     If you do not have personal knowledge of the information contained in any of your answered to the below Interrogatories, you should state that your answer is not verified by personal knowledge and identify the person(s) from whom the information was obtained or, if the source of the information is documentary, provide a full description of the documents, including the location thereof.

D.     If any answers to these Interrogatories are made based on information that was not within your personal knowledge, provide the name and address of every person from whom you received such information.

E.     Where an interrogatory calls for identification of any paper, you are to attach a copy of such paper to your answers to these Interrogatories in addition to providing a written response to the Interrogatory, pursuant to R. 4:17-4, and you are to provide an explicit reference to each Interrogatory to which each document(s) is responsive.

F.     These Interrogatories are to be continuing until the date of trial and any information secured subsequent to the filing of your answers, which would have been included in the answers had it been known or available, is required to be supplied by filing further and supplemental answers.

G.     Pursuant to R. 4:17-7, if you obtain information that renders your answers to these interrogatories incomplete or inaccurate, you must serve amended answers not later than twenty (20) days prior to the end of the discovery period.

H.      The fact that another party produced information requested in any particular Interrogatory, or that the requested information or similar or identical information is available from another source, or that the requesting party already has knowledge of the matter on which it is seeking discovery, does not relieve Plaintiff of his obligation to produce his response to each Interrogatory herein.

## DEFINITIONS

A.      "And" and "or" as used herein shall have the same meaning, that is, the disjunctive meaning of "or."  The listing of terms separated by commas, semi-colons, the word "and" or the word "or" shall be deemed to require a response to each and every term listed.

B.      "Atlas" means Atlas Data Privacy Corporation ("Atlas") who is a Plaintiff and assignee of individuals who are covered persons under Daniel's Law as further alleged in the Complaint.

C.      "Daniel's Law" means the law enacted in November 2020 (P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.

D.      "Daniel's Law Requests" means any request pursuant to Daniel's Law (N.J.S.A. 56:8-166.2) to refrain from disclosing, re-disclosing, or otherwise making available protected information and/or remove protected information from the Internet or where otherwise made available.

E.      "Defendant" refers to any defendant Identified in the Complaint and shall include any and all agents, officers, directors, attorneys, employees, contractors, predecessors in interest, parents, subsidiaries, affiliates, assigns, successors, and representatives of any/all of them, or other

persons acting on its respective or collective behalf.

F.      "Describe," "set forth" and "state" all mean to state the substance of the event, circumstances, facts, communications, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present thereat or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method or means of communications employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired, setting forth the underlying facts rather than ultimate conclusions.

G.      "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any written, reported, filmed, magnetically stored, or graphic matter, or record of any type or description, whether produced, reproduced or producible on paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media, including but not limited to emails, memoranda, notes, minutes, records, photographs, computer programs, correspondence, telegrams, diaries, bookkeeping entries, specifications, source code, object code, flow charts, financial statement, charts, studies, reports, graphs, statements, notebooks, handwritten notes, applications, feasibility studies, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including but not limited to, originals and all copies which are different in any way from the original, whether by interlineation, receipt stamp, notation, indication of copy sent or received, or otherwise, and drafts, which are in the possession, custody or control of the present or former agents, officers, directors, representatives, employees, or attorneys of Defendant, or all persons acting on Defendant's behalf, including documents at any time in the possession, custody or control of such individuals or entities who are known by Defendant to exist.  Include also any

catalog, brochure or any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, stored, transcribed, punched, taped, filed or graphic matter however produced or reproduced, to which Defendant has or have had access.

H.     "Identify," or "identification" mean, when used in reference to:

(1)     a natural person, his or her:

(a)    full name;

(b)    present or last known home address (including street name and number, city or town, state, zip code, and telephone number);

(c)    present or last known business address (including street name and number, city or town, state, zip code, and telephone number);

(d)    present or last known occupation, position, business affiliation, and job description;

(e)    occupation, position, business affiliation, and job description at the time relevant to the particular interrogatory being answered.

(2)     a company, corporation, association, partnership or legal entity other than a natural person:

(a)    its full name;

(b)    a description of the type of organization or entity;

(c)    the full address (including street name and number, city or town, state, zip code, and telephone number) of its principal place of business;

(d)    the jurisdiction of incorporation or organization.

(3)     a document:

(a)    its description (for example, letter, memorandum, report);

(b)    its title (e.g., letter, memorandum, telegram, chart, etc.)

(c)    its date;

(d)    the number of pages thereof;

(e)    its subject;

(f)    the identity of its author, signatory or signatories, and any person who participated in its preparation;

(g)    the identity of its addressee or recipient;

(h)    the identity of each person to whom copies were sent and each person by whom copies were received;

(i)    its present location; and

(j)    the identity of its present custodian.

(If any such document was, but is no longer, in the possession of or subject to the control of Defendant, state what disposition was made of it and when).

(4)    a communication or statement:

(a)    the date and time when it occurred;

(b)    the place where it occurred;

(c)    the complete substance of the communication;

(d)    the identity of each person; (1) to whom such communication was made; (2) by whom such communication was made; and (3) who was present when such communication was made;

(e)    if by telephone:  (1) the identity of each person:  (i) who made each telephone call; and (ii) who participated in each call; and (2) the place where each person participating in the telephone call

was located;

(f)     the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

I.      "Individual Plaintiffs" means the Plaintiffs identified in the Complaint other than Atlas and shall include any and all agents, officers, directors, attorneys, employees, and other persons acting on its behalf.

J.      "Plaintiff" means the Plaintiffs identified in the Complaint and shall include any and all agents, officers, directors, attorneys, employees, and other persons acting on its behalf.

K.      "Persons" means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

L.      "You" and "Your" refers to each Defendant responding to these interrogatories, with the term Defendant broadly defined above.

## INTERROGATORIES

1.      Please provide detailed information regarding all persons (including all companies and individuals, with contact information) that since receiving any Daniel's Law Request have had any ownership, controlling interest, or agency over each of the websites listed in Plaintiffs' Complaint.

2.      Please identify every source of home addresses and/or unpublished home telephone numbers that you own, have a controlling interest in, or otherwise have any agency over, including without limitation all such Internet websites (by name and URL) and any other way in which such information is made available.

3.      Please describe in detail all ways in which you have obtained (and in the future obtain) and have disclosed or made available (and in the future disclose or make available) any home addresses or unpublished home telephone numbers, including without limitation by identifying all upstream and downstream sources and recipients of such data including, but not limited to any websites, URLs, databases, entities, and individuals.

**CERTIFICATION**

I hereby certify that the foregoing answers to answers to interrogatories are true. I am aware that if any of the following statements made by me are willfully false, I am subject to punishment.

I hereby certify that the copies of any documents annexed hereto and provided herein are exact copies; that the existence of any other documents are unknown to me, and if such become later known or available, I shall serve them promptly on the propounding party.

_____

DATED:

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

*Attorneys for Plaintiffs Atlas Data Privacy Corporation, Jane Doe-1, a law enforcement officer, Jane Doe-2, a law enforcement officer, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan*

**MORGAN & MORGAN**
John A. Yanchunis (*pro hac vice* to be filed)
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

---

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>              Plaintiffs,<br><br>     v.<br><br>VALASSIS DIGITAL CORP., VALASSIS COMMUNICATIONS, INC.,VERICAST CORP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>              Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-_____-24<br><br><u>**CIVIL ACTION**</u><br><br><br>**COMPLAINT** |

Plaintiffs Atlas Data Privacy Corporation ("Atlas") as the assignee of individuals who are

Covered Persons under Daniel's Law along with Jane Doe-1 (a law enforcement officer), Jane

Doe-2 (a law enforcement officer), Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick

1

Colligan, Peter Andreyev, and William Sullivan (collectively, "Plaintiffs"), by and through their

undersigned counsel, hereby submit this Complaint against Defendants and state as follows:

<u>**INTRODUCTION**</u>

1.      In these tumultuous times, it is critical that the most sensitive personal information

of those who serve the public be protected from unwarranted disclosure.  As set forth below,

Daniel's Law was passed unanimously by our Legislature to provide judges, law enforcement

officers, and prosecutors – and their families – with the right to prevent the disclosure of their

home addresses and unpublished home telephone numbers, and to enforce those rights against

uncooperative profit-seeking data brokers.

2.      This complaint seeks to protect those important rights, against companies brokering

data and choosing profit and personal gain over a critical public interest and the unequivocal

mandate of the law.  Companies in the business of disclosing this protected information have

avoided accountability for far too long, proffering such information, including home addresses and

unpublished home telephone numbers, without sufficient regard for the risks and consequences

imposed upon individuals who serve critical judicial and law enforcement roles.

3.      The Legislature and Governor unanimously agree that the basic safety of those who

serve – and their families – must be assured.  Here, not only do the data brokers wantonly and

repeatedly disregard the law, but they also demonstrate a callousness towards the well-being of

those who serve.  Our judges, law enforcement officers and prosecutors should receive the full

measure of protection afforded to them under the same laws they enforce for the safety of all

citizens.

4.      With this action, Plaintiffs seek to enforce the important rights granted to judges,

law enforcement officers, and prosecutors under Daniel's Law.  Consistent with the statutory

provisions, Atlas brings this action as an assignee for certain individuals, including many family

2

members of law enforcement officers and prosecutors.  Plaintiffs seek all available injunctive relief and statutory damages, including to prevent any further disclosure by Defendants of information in violation of Daniel's Law.

## **BACKGROUND**

### **Passage of Daniel's Law in New Jersey**

5.      In July 2020, Daniel Anderl, the son of a New Jersey federal Judge, was shot dead by a gunman posing as a FedEx delivery man at the front door of the family's New Jersey home. Daniel, who was just age 20 and a rising junior in college, and who aspired to practice law like his parents, took a bullet to his chest trying to protect his parents.  By the time his mother, a Judge, came to the door to check on what happened, the killer was gone.  But her husband was critically wounded, and Daniel tragically died from the gunshot.

6.      During the investigation, the perpetrator was found to have certain political and personal grievances against the Judge, and went to their home that day intending to kill her. Instead, he murdered the Judge's son and almost succeeded in killing her husband as well. Investigators eventually connected this attack with another shooting of an attorney in California, who was similarly mortally gunned down answering the door to his residence to pick up a supposed package from the same disguised gunman.  Authorities concluded that the shooter was disgruntled over certain legal cases with similar political and legal issues to what was pending before Daniel's mother.

7.      Critically, the gunman was able to find the home addresses of both of his murder victims through the various people finder resources available on the internet,[1] the same kind of data broker services at issue in this case.

---

[1] https://www.cbsnews.com/news/esther-salas-son-murder-roy-den-hollander-48-hours/.

**New Jersey Passes Daniel's Law in 2020**

8.      In response to the shooting of Daniel, New Jersey enacted Daniel's Law within a few months, in November 2020 (P.L. 2020, c. 125 *codified in* N.J.S.A. 47:1A-1, et seq. and N.J.S.A 56:8-166.1), which prohibits online data brokers from selling, publishing, and distributing the name and address of current and former judges, law enforcement officers, and prosecutors and their eligible family members (i.e., "covered persons"), upon any written request by the covered person.  Law enforcement personnel are expressly covered by the statute, in full recognition that the public service they provide is no less dangerous or important than those of Judges and prosecutors.

9.      Any such covered person may request that a data broker not "disclose or re-disclose on the Internet or otherwise make available" their home addresses or unpublished home telephone numbers.  Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."  Data brokers must cease disclosure of this protected information within 10 business days of receiving a nondisclosure request from a covered person.

**Congress Passes Daniel Anderl Judicial Security and Privacy Act in 2022**

10.      Similar to the actions taken by the State of New Jersey, federal judges such as U.S. Supreme Court Chief Justice John G. Roberts Jr. proposed and supported a federal version of Daniel's Law.  The Chief Justice was quoted stating, "[t]he law requires every judge to swear an

oath to perform his or her work without fear or favor, but we must support judges by ensuring their safety … [a] judicial system cannot and should not live in fear."[2]

11.     The federal bill, which had broad bipartisan support in both the House and Senate, protected judges' personally identifiable information from resale by data brokers.  It allowed federal judges to redact their personal information displayed on federal government internet sites.

12.     The U.S. Senate voted 83-11 to pass the annual defense authorization bill, with the Daniel Anderl Judicial Security and Privacy Act attached,[3] and it was signed by President Biden.[4]

**Violence Against Police Officers and Judges Has Not Stopped**

13.     Judges, law enforcement officers, and prosecutors put their lives on the line every day, which is clearly exhibited by numerous horrific stories of violence beyond the story of the murder of Daniel Anderl.  For example, in 2020, three shooters openly fired upon the Camden home of two New Jersey police officers and their 10-day old infant.  That the officers were constantly involved in the community doing good afforded them no safety from the perpetrators.[5]

14.     More recently, another perpetrator hunted and killed in cold blood a Maryland Judge, after a child custody ruling.[6]  The killing followed that of a Wisconsin Judge in 2022, where the perpetrator killed the retired Judge out of spite for his handling of a criminal case in 2005.[7]

---

[2] https://www.washingtonpost.com/politics/2022/12/31/supreme-court-roberts-leak-report/.
[3] https://www.uscourts.gov/news/2022/12/16/congress-passes-daniel-anderl-judicial-security-and-privacy-act.
[4] https://www.nj.com/politics/2022/12/biden-signs-defense-policy-bill-that-remembers-3-new-jerseyans.html.
[5] Shooters Open Fire On Home Of New Jersey Police Officers In 'Targeted Attack,' Chief Says (forbes.com).
[6] Judge Andrew Wilkinson: Suspect still on the run after killing a judge at his home in a 'targeted attack' following a child custody ruling, sheriff says | CNN.
[7] Former Judge John Roemer was killed in his Wisconsin home in a targeted attack, officials say | CNN.

5

## THE PARTIES

### The Individual Plaintiffs

15.     Plaintiff JANE DOE-1, whose name has been anonymized for safety reasons, is a decorated veteran police officer working in Northern New Jersey.  Between 2021 and 2022, Officer Doe-1 participated in a task force that targeted a major criminal organization operating in the state.  Her efforts ultimately led to the arrest and prosecution of a member of the organization's leadership, an individual with an extensive criminal history including threats of violence.  In the subsequent investigation, digital devices recovered from the organization's leadership were analyzed and photographs of Officer Doe-1's personal residence were identified.  Officer Doe-1 lives in the home with her spouse and their young child.  Evidence recovered in the investigation included night-time photography of the young child's bedroom and playroom windows, with the light on while the child was playing inside.  Further investigation revealed that the criminal organization's leadership had hired a private investigator who searched online data broker websites to obtain the officer's home address.  Having identified her home address, text messages confirmed that they had initiated surveillance and were tracking Officer Doe-1's movements to and from her home, immediately prior to the task force initiating arrests.

16.     Plaintiff JANE DOE-2, whose name has been anonymized for safety reasons, is a veteran correctional police officer who lives in Northern New Jersey with her husband and two young children.  Earlier in her career, Officer Doe-2 was the subject of a death threat from a hostile inmate.  The inmate stated that they intended to kill Officer Doe-2, and further implied that they would rely upon a particular private investigator to track down Officer Doe-2's home address to facilitate the murder.  This death threat was investigated and considered credible enough to result in a successful criminal prosecution.  Part of Officer Doe-2's current duties include working in her

correctional facility's law library, where inmates have access to the Internet including online data broker websites and services.  Recently Officer Doe-2 and her coworkers discovered a note left behind by an inmate which included the full name and home address of a young female member of the jail's administrative staff.  The most effective ways to safeguard the security and privacy of their home addresses - for their own safety and that of their family members - is a frequent topic of discussion and concern among the correctional police officers working at Officer Doe-2's facility.

17.   Plaintiff Officer EDWIN MALDONADO joined the Plainfield, New Jersey police department as a patrol officer in 2000.  After a few months on the job, he was assigned to street crimes, where he excelled at field work.  In 2005, he became a Detective with Plainfield's major crimes unit and joined a Federal task force targeting the Mara Salvatrucha-13 (MS-13) gang in New Jersey.  He worked with the task force for the next two years.  During that time period, he received multiple credible death threats from MS-13 members.  Detective Maldonado did not believe he would be able to safeguard his home address while living in Plainfield and relocated his family to a remote location from which he commuted to work.  In 2009, because his relocation effort had been successful and MS-13 could not locate his new home address, gang members targeted Detective Maldonado's mother instead.  They intended to burn down her building with her inside, but set fire to an adjacent building by mistake.  Phone calls between MS-13 members discussing the premeditated murder of Detective Maldonado and his family, and the premeditated murder of Detective Maldonado's mother, were intercepted by jail wiretaps.  Later in multiple criminal trials, evidence was entered into the record regarding these intercepted conversations and premeditated murders, contributing to numerous successful prosecutions.

18.     Plaintiffs Sergeant SCOTT MALONEY ("Sergeant Maloney") and Officer JUSTYNA MALONEY ("Officer Maloney") are husband and wife, both veteran police officers currently serving with the Rahway, New Jersey Police Department.  They live together in New Jersey with their two young children.  In April of 2023, Officer Maloney responded to a routine call of a suspicious individual outside the Motor Vehicle Commission in Rahway.  The individual was an online content creator who often solicits police contact and then films himself debating constitutional rights with the responding officers.  A subset of the content creator's audience is vocally anti-police and videos posted to his social media channel have historically been the source of harassment and intimidation campaigns directed at the officers involved.  In this case, Officer Maloney and several other responding officers were filmed discussing a number of legal issues with the content creator, including whether or not the content creator was required to take his hands out of his pockets to show that he was unarmed.  Overall, the encounter was routine and ended uneventfully.

19.     The resulting video footage was selectively edited and posted to YouTube.  Almost immediately upon the video being posted, Officer Maloney was targeted by followers of the channel and other individuals who viewed the video.  Sergeant Maloney was quickly identified by viewers as Officer Maloney's husband, and became a target himself, due to their relationship as a married couple and his own status as a police officer.  Web links to data broker websites publicly disclosing the Maloney family's home address and unpublished home telephone numbers were posted along with explicit death threats and calls for violence, resulting in dozens of threatening phone calls and text messages.

20.     One of the text messages sent to Sergeant Maloney demanded money and stated that if Sergeant Maloney did not comply then his family would "pay in blood."  The unknown

messenger went on to state that they knew where the Maloneys lived and sent the full name and home address of one of the Maloneys' nearby relatives as proof of the messenger's ability to gather sensitive personal information. Sergeant Maloney refused to comply with any demands. He then received a video of three individuals in ski masks armed with handguns and assault rifles repeating the extortion demand. In part of the video, a masked individual points a rifle at the camera and tells Sergeant Maloney that his family is "going to get [their] heads cut off."

21.     Several weeks later, one of the Maloneys' neighbors observed two suspicious looking individuals in ski masks parked one block away from the home and alerted police. Responding officers arrested two men - who were armed - for unlawful possession of a firearm. Video surveillance captured by nearby houses shows the two men circling the Maloneys' house immediately prior to their arrest. Officer Maloney and her two young children were at home at the time.

22.     Plaintiff Detective PATRICK COLLIGAN is a 32-year veteran of the Franklin Township police department in Somerset, New Jersey. Since 2014, Detective Colligan has served as the President of the New Jersey State Policemen's Benevolent Association, representing more than 33,000 active law enforcement officers throughout the state. During the course of his law enforcement career, he has received numerous threats of violence targeted at him and his family as a result of his public service. The seriousness of certain threats necessitated the installation of a surveillance camera system and alarm system, and training for his spouse and children about how to respond in the event of an attack on their home.

23.     Plaintiff Officer PETER ANDREYEV is a 32-year veteran of the Point Pleasant, New Jersey police department. Officer Andreyev currently services as the Executive Vice President of the New Jersey State Policemen's Benevolent Association, representing more than

33,000 active law enforcement officers throughout the state. During the course of his law enforcement career, he has received numerous threats of violence targeted at him and his family as a result of his public service. Officer Andreyev has counseled many other officers who have been the target of violent threats on ways to protect themselves and their family members from harm. whose protected information has been discovered and has responded to specific incidents where protected information was used by ex-inmates to threaten, harass, or intimidate fellow officers.

24.     Plaintiff Officer WILLIAM SULLIVAN is an 18-year veteran of the New Jersey Department of Corrections. Since 2020, Officer Sullivan has served as the President of New Jersey PBA Local 105, the labor union representing thousands of correctional police officers from the New Jersey Department of Corrections, the Juvenile Justice Commission, and State Parole. During the course of his law enforcement career, he has received numerous threats of violence directed at him and his family as a result of his public service. Inmates incarcerated within New Jersey's state prisons frequently attempt to discover the protected information of correctional officers working in their facility. These attempts and the risks posed by such information being accessible on the Internet is a frequent topic of discussion and concern among correctional officers and their family members. Officer Sullivan has counseled many officers whose protected information has been discovered and has responded to specific incidents where protected information was used by ex-inmates to threaten, harass, or intimidate fellow officers.

**Plaintiff Atlas and its Assignors**

25.     Plaintiff ATLAS DATA PRIVACY CORPORATION is a Delaware corporation, with offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.

26.     As permitted under Daniel's Law, Atlas asserts claims against Defendants as the assignee of the claims of approximately 19,437 individuals who are all "covered persons" under Daniel's Law (together, the "Covered Persons"), including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors.

27.     The Covered Persons include individuals who reside, work or had previously resided or worked in New Jersey, and qualify as "covered persons" as that term is defined under Daniel's Law, each of whom have claims against Defendants for failing to comply with Daniel's Law.

28.     As set forth in more detail below, the Covered Persons (as well as the Individual Plaintiffs) each exercised their rights under Daniel's Law by sending Defendants a written notice requesting that Defendants cease disclosing or re-disclosing on the Internet or otherwise making available their protected information on one or more of Defendants' websites, mailing lists or through other methods of disclosure.

29.     Defendants have not complied with the law by ceasing the disclosure or re-disclosure on the Internet or the otherwise making available of protected information as required under Daniel's Law for each of the Covered Persons (as well as each of the Individual Plaintiffs) as required by the law.

30.     In accordance with Daniel's Law, each of the Covered Persons has assigned their rights for claims thereunder against Defendants to Atlas.

31.     Atlas provides an online platform, including an email service named AtlasMail, to law enforcement officers, prosecutors, judges, and other covered persons. Atlas works with and provides access to its platform to members of the New Jersey State Policemen's Benevolent Association, the Metropolitan Transportation Authority Police Benevolent Association, New

Jersey PBA Local 105, and the New Jersey State Troopers Fraternal Association, among others. The goal of these unions and associations, since the first passage of Daniel's Law in November 2020, was to increase the safety and well-being of their members and associated households by helping those members to understand and assert the rights provided to them by the law.

32.     Upon signing up for Atlas, a law enforcement officer or other Covered Person is asked a series of questions to collect required personal information and qualify their eligibility as a Covered Person under Daniel's Law.   Once eligibility is confirmed, they are shown a page explaining how the Atlas platform works:



33.     AtlasMail is an email service operated by Atlas.   Upon signing up with Atlas, each law enforcement officer or other Covered Person receives their own AtlasMail account, with a

unique inbox address (e.g. john.doe23@atlasmail.com) for their personal use. A description of AtlasMail and more information about how the email service works are provided on a page during the signup process:



34.     Having provided personal information, confirmed their eligibility for Daniel's Law, and progressed through several pages explaining the functions of Atlas as a platform and AtlasMail as an email service, the law enforcement officer or other Covered Person is then presented with a page on which they can review their home addresses and unpublished home telephone numbers, a takedown notice template, and a recommended list of data brokers to send notices to. On this page the law enforcement officer or other Covered Person can choose whether or not to send takedown notices. If they choose not to send takedown notices to the recommended list, they can select

individual recipients at a later page (as shown in the example copied below). Here, each of the

Individual Plaintiffs and Covered Persons sent Defendants a takedown notice.



35.     Any reply or response back from a data broker to the law enforcement officer or

other Covered Person is received and displayed in their AtlasMail inbox. AtlasMail is a fully

featured email service provider, and its users can reply, forward, or use their AtlasMail account as

they would any other email account:





**AtlasMail** Compose

Search in Mail

ALL MAIL | INBOX | SENT | ASSIGNMENT CONFIRMATIONS

| | | |
|---|---|---|
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 11:40 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 11:39 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 11:39 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 8:29 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 8:29 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | 8:29 PM |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | Jan 3 |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | Jan 3 |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | Jan 3 |
| John Doe | Data Subject Request - Redaction/nondisclosure Request | Jan 3 |

< 1 2 3 4 5 ... 16 >

36.     With this lawsuit, Atlas seeks to enforce compliance with Daniel's Law for those Covered Persons.  This lawsuit seeks to protect their privacy without unnecessarily putting those individuals in the spotlight.  Atlas will work with the Court and Defendants to implement a protective order to then provide Defendants with the assignments and other information for each of the Covered Persons.

**Defendants**

37.     Defendant Valassis Digital Corp. is an entity that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons.

38.     Defendant Valassis Communications, Inc. is an entity that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons.

39.     Defendant Vericast Corp is an entity that discloses or re-discloses on the Internet or otherwise makes available the home addresses and/or unpublished home telephone numbers of covered persons.

40.     Defendants Richard Roes 1-10 and ABC Companies 1-10 (collectively with the defendants identified above referred to as the "Defendants") are fictitious names of currently unknown individuals/entities that were also involved with the violations described in this Complaint who have not yet been identified in part due to what appears to be intentional efforts by data brokers to conceal the specific entities involved and responsible for the disclosure of data and information, and individuals responsible for Defendants failures to comply with the law.

41.     Defendants offer and engage in the disclosure of data and information through one or more websites, applications, or mailing lists, or otherwise in New Jersey, and to businesses and individuals who operate or reside in New Jersey.  Those websites include:

vericast.com

42.     In accordance with Defendants' business model, visitors, users, or customers may obtain a name and home address and/or a name and unpublished home telephone number (including the name and address and/or unpublished home telephone number of the Individual Plaintiffs and Covered Persons).

43.     Daniel's Law was passed to protect those who serve from the disclosure of this protected information by such services, which disclose such information of the Individual

Plaintiffs and Covered Persons for their own commercial interests, without sufficient regard to the risks and consequences imposed on individuals.

<div align="center">**JURISDICTION AND VENUE**</div>

44.    This Court has jurisdiction because the parties reside and/or conduct business in New Jersey, along with the Covered Persons, and the unlawful actions complained of herein occurred in New Jersey.

45.    Venue is proper pursuant to R. 4:3-2, in that Mercer County is the county in which one or more of the parties and/or Covered Persons reside and/or conduct business.  In addition, many of the events giving rise to this action occurred in this County.

<div align="center">**FACTS COMMON TO ALL COUNTS**</div>

46.    As set forth above, New Jersey enacted Daniel's Law in November 2020 (P.L. 2020, c. 125 *codified as* N.J.S.A. 47:1A-1, et seq. and N.J.S.A. 56:8-166.1).

47.    Daniel's Law prohibits data brokers from disclosing or re-disclosing on the Internet or otherwise making available the home addresses or unpublished home telephone numbers of covered persons as defined in the law, upon a written request by those individuals.

48.    Upon notification, and no later than 10 business days after receipt, a data broker must not disclose or re-disclose on the Internet or otherwise make available the home addresses or unpublished home telephone numbers of the covered person.

49.    This includes a mandate that within 10 business days of receiving a nondisclosure request, the data broker shall not disclose the protected information of the covered person. Disclosure is defined to mean to "solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post, publish, distribute, circulate, disseminate, present, exhibit, advertise, or offer, and

shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

50.    Daniel's Law was amended in 2023, as P.L. 2023, c. 113.  The amendment was passed unanimously by the Assembly on May 25, 2023, by the Senate on June 20, 2023, and was thereafter signed by the Governor on July 20, 2023.

51.    Certain provisions of the amended law, including changes to N.J.S.A. 56:8-166.1, went into effect immediately.

52.    As of July 20, 2023, Daniel's Law as codified in N.J.S.A. 56:8-166.1 provided:[8]

> 3.a. (1) Upon notification pursuant to paragraph (2) of this subsection, and not later than 10 business days following receipt thereof, a person, business, or association shall not disclose or redisclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person, as defined in subsection d. of this section.
>
> b. A person, business, or association that violates subsection a. of this section shall be liable to the covered person, or the covered person's assignee, who may bring a civil action in the Superior Court.
>
> c. The court shall award:
>
>> (1) actual damages, but not less than liquidated damages computed at the rate of $1,000 for each violation of this act;
>>
>> (2) punitive damages upon proof of willful or reckless disregard of the law;
>>
>> (3) reasonable attorney's fees and other litigation costs reasonably incurred; and
>>
>> (4) any other preliminary and equitable relief as the court determines to be appropriate.
>
> d.  For the purposes of this section:
>
>> …"Disclose" shall mean to solicit, sell, manufacture, give, provide, lend, trade, mail, deliver, transfer, post,

---

[8] https://pub.njleg.state.nj.us/Bills/2022/PL23/113_.PDF

publish, distribute, circulate, disseminate, present, exhibit, advertise or offer, and shall include making available or viewable within a searchable list or database, regardless of whether a search of such list or database is actually performed."

53. Starting on or about January 3, 2024, each of the Individual Plaintiffs and all of the Covered Persons (who assigned claims to Atlas) sent Defendants written nondisclosure requests (via email) in accordance with Daniel's Law, using AtlasMail.

54. For example, a true and correct copy of the email directly from Plaintiff Andreyev (with personal information redacted) is pasted here:



## Data Subject Request - Redaction/nondisclosure Request

| | |
|---|---|
| **To** | privacyrequests@vericast.com |
| **From** | Peter Andreyev <████████@atlasmail.com> |
| **Date** | Sat, Jan 6, 2024 9:36 AM UTC-0500 |

Vericast
January 6, 2024

To Whom It May Concern:

I am a "Covered Person" as defined by New Jersey law P.L. 2023, c.113, P.L.2021, c.371 (as amended, the "Act"). Pursuant to the Act and Section 3 of New Jersey P.L.2015, c.226 (C.56:8-166.1) (as amended), I hereby request that you not disclose or re-disclose on the Internet or otherwise make available, the following protected information:

Name: Peter Andreyev

Home Address: ████████████████

Sincerely,
Peter Andreyev

55. Defendants failed to cease the disclosure or re-disclosure on the Internet or the otherwise making available of the protected information of the Individuals Plaintiffs and Covered Persons within the time period required by Daniel's Law.

56.     Even as of the date of this filing, Defendants still refuse to comply with Daniel's Law.  Protected information of the Individual Plaintiffs and those Covered Persons who assigned Atlas their Daniel's Law claims against Defendants remains available from Defendants using Defendants' search tools or other means of disclosure.

57.     All of the Covered Persons who sent their nondisclosure requests to Defendants (not including the Individual Plaintiffs) have assigned their claims against Defendants to Atlas.

58.     The Individual Plaintiffs and Atlas hereby assert claims against Defendants based on their violation of Daniel's Law and continuing refusal to comply with that law.

## COUNT ONE

### (Daniel's Law)

59.     The allegations of the Complaint set forth above are included herein as if set forth at length.

60.     The Individual Plaintiffs and Covered Persons transmitted notice in writing to Defendants requesting that Defendants cease disclosure of their home address and/or unpublished home telephone number and cease its disclosure or re-disclosure on the Internet or wherever Defendants otherwise made it available.

61.     Defendants had an obligation under Daniel's Law to comply with the request within ten (10) business days.

62.     As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information (including home addresses and/or unpublished home telephone numbers) of the Individual Plaintiffs and the Covered Persons remains "available or viewable within a searchable list or database" or otherwise made available.

63.     Defendants did not cease the disclosure or re-disclosure on the Internet or the otherwise making available of information as required under Daniel's Law, and their failure in doing so each constitute a separate violation under the law.

64.     As a result of Defendants' failures to comply with Daniel's Law, Plaintiffs have suffered damages, and request all available relief.

65.     As of the date of this filing, Defendants still refuse to comply with Daniel's Law. The protected information of the Individual Plaintiffs and the Covered Persons remains disclosed or otherwise made available despite proper requests for nondisclosure in violation of Daniel's Law. As such, Plaintiffs request that the Court enter all appropriate legal and equitable relief.

WHEREFORE, Plaintiffs request that Judgment be entered against Defendants as follows:

A.  Ordering that Defendants immediately comply with Daniel's Law, and cease the disclosure of the Individuals Plaintiffs' and the Covered Persons' names, home addresses, and unpublished home telephone numbers wherever disclosed or re-disclosed on the Internet or otherwise made available;

B.  Awarding actual damages, not less than liquidated damages under Daniel's Law, at "$1,000 for each violation";

C.  Awarding an additional amount in punitive damages, to be determined by the Court, for "willful noncompliance" as allowed under Daniel's Law;

D.  Awarding reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred;

E.  Ordering injunctive relief requiring that Defendants comply with Daniel's Law, and remove the Individual Plaintiffs' and the Covered Persons' protected information wherever disclosed;

F.  Entering equitable or other permanent injunctive relief requiring Defendants to comply with Daniel's law, including the appointment of a qualified independent expert to ensure that Defendants prospectively maintain compliance with Daniel's Law; and

G.  Awarding such other and further relief against Defendants as the Court deems equitable and just.

Respectfully Submitted,

**GENOVA BURNS LLC**

Dated: February 7, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh
Kathleen Barnett Einhorn
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777

*Attorneys for Plaintiffs*

**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
John A. Yanchunis
Ryan J. McGee
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@ForThePeople.com
rmcgee@ForThePeople.com

(*pro hac vice motions to be filed*)

## DESIGNATION OF TRIAL COUNSEL

The Court is advised that pursuant to New Jersey Court Rules 4:5-1(c) and 4:25-4, Rajiv D. Parikh, Esq. is hereby designated as trial counsel for Plaintiffs in this matter.

**GENOVA BURNS LLC**

Dated: February 7, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, it is hereby stated that the matter in controversy between the parties hereto is not the subject of any other action pending in any other Court or of a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief, no other action or arbitration proceeding between the parties hereto is contemplated. Further, other than the parties set forth in this pleading and the previous pleadings, if any, at the present time we know of no other parties that should be joined in the within action.

**GENOVA BURNS LLC**

Dated: February 7, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

Pursuant to Rule 1:38-7(b), it is hereby stated that all confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

**GENOVA BURNS LLC**

Dated: February 7, 2024

By: */s/ Rajiv D. Parikh*

Rajiv D. Parikh, Esq.

MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON        NJ 08650-0068
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   FEBRUARY 08, 2024
                        RE:     ATLAS DATA PRIVACY C ORPORATIO  VS VALASSIS DIGIT
                        DOCKET: MER L -000290 24


    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.

    DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON DOUGLAS H. HURD

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    050
AT:  (609) 571-4200 EXT 76128.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                             ATT: RAJIV D. PARIKH
                             GENOVA BURNS LLC
                             494 BROAD ST 6TH FL
                             NEWARK          NJ 07102


ECOURTS

# Civil Case Information Statement

## Case Details: MERCER | Civil Part Docket# L-000290-24

**Case Caption:** ATLAS DATA PRIVACY C ORPORATIO  VS VALASSIS DIGIT

**Case Initiation Date:** 02/08/2024

**Attorney Name:** RAJIV D PARIKH

**Firm Name:** GENOVA BURNS LLC

**Address:** 494 BROAD ST 6TH FL

NEWARK NJ 07102

**Phone:** 9735330777

**Name of Party:** PLAINTIFF : ATLAS DATA PRIVACY CORPORATION

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** OTHER Daniel's Law

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: ATLAS DATA PRIVACY CORPORATION?** NO

**Are sexual abuse claims alleged by: JANE DOE 1?** NO

**Are sexual abuse claims alleged by: JANE DOE 2?** NO

**Are sexual abuse claims alleged by: EDWIN MALDONADO?** NO

**Are sexual abuse claims alleged by: SCOTT MALONEY?** NO

**Are sexual abuse claims alleged by: JUSTYNA MALONEY?** NO

**Are sexual abuse claims alleged by: PATRICK COLLIGAN?** NO

**Are sexual abuse claims alleged by: PETER ANDREYEV?** NO

**Are sexual abuse claims alleged by: WILLIAM SULLIVAN?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
      **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
      **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/08/2024                                                                                      /s/ RAJIV D PARIKH
Dated                                                                                          Signed

# Exhibit 3

## Case Summary

**Case Number:** MER L-000290-24

**Case Caption:** Atlas Data Privacy C Orporatio  Vs Valassis Digit

| | | |
|---|---|---|
| **Court:** Civil Part | **Venue:** Mercer | **Case Initiation Date:** 02/08/2024 |
| **Case Type:** Other | **Case Status:** Active | **Jury Demand:** None |
| **Case Track:** 1 | **Judge:** Douglas H Hurd | **Team:** 50 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:** 0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:** 0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:** 0 |
| **Disposition Date:** | **Case Disposition:** Open | **Statewide Lien:** |

**Plaintiffs**

**Atlas Data Privacy Corporation**

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** Rajiv D Parikh |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 032462005 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Jane  Doe 1**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Rajiv D Parikh |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 032462005 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Jane  Doe 2**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Rajiv D Parikh |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 032462005 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Edwin  Maldonado**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Rajiv D Parikh |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 032462005 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Scott  Maloney**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Rajiv D Parikh |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 032462005 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Justyna  Maloney**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Rajiv D Parikh |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 032462005 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Patrick  Colligan**

| | | |
|---|---|---|
| **Party Description:** Individual | | **Attorney Name:** Rajiv D Parikh |
| **Address Line 1:** | **Address Line 2:** | **Attorney Bar ID:** 032462005 |
| **City:** | **State:** NJ | **Zip:** 00000 | **Phone:** |
| **Attorney Email:** | | |

**Peter  Andreyev**

**Party Description:** Individual                                           **Attorney Name:** Rajiv D Parikh

**Address Line 1:**                          **Address Line 2:**               **Attorney Bar ID:** 032462005

**City:**                  **State:** NJ                     **Zip:** 00000               **Phone:**

**Attorney Email:**

### William  Sullivan

**Party Description:** Individual                                           **Attorney Name:** Rajiv D Parikh

**Address Line 1:**                          **Address Line 2:**                **Attorney Bar ID:** 032462005

**City:**                  **State:** NJ                     **Zip:** 00000               **Phone:**

**Attorney Email:**

### Defendants

### Valassis Communications, Inc.

**Party Description:** Business                                           **Attorney Name:**

**Address Line 1:**                          **Address Line 2:**                **Attorney Bar ID:**

**City:**                  **State:** NJ                     **Zip:** 00000               **Phone:**

**Attorney Email:**

### Vericast Corp

**Party Description:** Business                                           **Attorney Name:**

**Address Line 1:**                          **Address Line 2:**                **Attorney Bar ID:**

**City:**                  **State:** NJ                     **Zip:** 00000               **Phone:**

**Attorney Email:**

### Richard Roes 1-10

**Party Description:** Fictitious                                         **Attorney Name:**

**Address Line 1:**                          **Address Line 2:**                **Attorney Bar ID:**

**City:**                  **State:** NJ                     **Zip:** 00000               **Phone:**

**Attorney Email:**

### Abc Companies 1-10

**Party Description:** Fictitious                                         **Attorney Name:**

**Address Line 1:**                          **Address Line 2:**                **Attorney Bar ID:**

**City:**                  **State:** NJ                     **Zip:** 00000               **Phone:**

**Attorney Email:**

### Valassis Digital Corp.

**Party Description:** Business                                           **Attorney Name:**

**Address Line 1:**                          **Address Line 2:**                **Attorney Bar ID:**

**City:**                  **State:** NJ                     **Zip:** 00000               **Phone:**

**Attorney Email:**

### Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 02/08/2024 | Complaint for MER-L-000290-24 submitted by PARIKH, RAJIV D, GENOVA BURNS LLC on behalf of ATLAS DATA PRIVACY CORPORATION, JANE DOE 1, JANE DOE 2, EDWIN MALDONADO, SCOTT MALONEY ET AL. against VALASSIS DIGITAL CORP., VALASSIS COMMUNICATIONS, INC., VERICAST CORP, RICHARD ROES 1-10, ABC COMPANIES 1-10 | LCV2024353952 | 02/08/2024 |
| 02/09/2024 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV2024361903 | 02/09/2024 |
| 03/20/2024 | ADJOURNMENT REQUEST (MOTION) submitted by PARIKH, RAJIV, D of GENOVA BURNS LLC on behalf of ATLAS DATA PRIVACY CORPORATION, JANE  DOE 1, JANE DOE 2, EDWIN  MALDONADO, SCOTT  MALONEY ET AL. against VALASSIS COMMUNICATIONS, INC., VERICAST CORP, RICHARD ROES 1-10, ABC COMPANIES 1-10, VALASSIS DIGITAL CORP. | LCV2024721980 | 03/20/2024 |

MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON          NJ 08650-0068
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM

                         DATE:   FEBRUARY 08, 2024
                         RE:     ATLAS DATA PRIVACY C ORPORATIO  VS VALASSIS DIGIT
                         DOCKET: MER L -000290 24


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 1.


     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


     THE PRETRIAL JUDGE ASSIGNED IS:  HON DOUGLAS H. HURD


      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     050
AT:  (609) 571-4200 EXT 76128.


      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                              ATT: RAJIV D. PARIKH
                              GENOVA BURNS LLC
                              494 BROAD ST 6TH FL
                              NEWARK          NJ 07102


ECOURTS



Date:
April 1st, 2024

CASE NUMBER: MERL000290-24

# ADJOURNMENT REQUEST (MOTION) submitted by PARIKH, RAJIV, D of GENOVA BURNS LLC on behalf of ATLAS DATA PRIVAC...

Document prepared for:

Kimball fontein

**CASE NAME**

Atlas Data Privacy C Orporatio Vs Valassis Digit

**DOCUMENT FILED DATE**

March 20th, 2024

**CASE FILING DATE**

Feb. 8th, 2024

**COUNTY**

Mercer county, NJ

**JUDGE**

Douglas H Hurd

**CATEGORY**

Other

**STATUS**

Active

trellis.law/doc/206434120/adjournment-request-motion-submitted-by-parikh-rajiv-d-genova-burns-llc-on-behalf-atlas-data-privacy-corporation-jane-doe-1-jane-doe-2-edwin-maldonado-scott-maloney-et-al-against-valassis-communications-inc-vericast-corp-richard-roes-1-10-abc-c



Genova Burns LLC
494 Broad Street, Newark, NJ 07102
**Tel:** 973.533.0777 **Fax:** 973.814.4045
**Web:** www.genovaburns.com

Rajiv D. Parikh, Esq.
Partner
Member of NJ and NY Bars
rparikh@genovaburns.com
Direct: 973-535-4446

March 19, 2024

**VIA ECOURTS**

The Honorable John D. O'Dwyer, P.J.Cv.
Bergen County Justice Center
10 Main Street, Floor 3
Hackensack, NJ 07601

The Honorable Lourdes Lucas, J.S.C.
Monmouth County Courthouse
71 Monument Park, PO Box 1266, 2nd Floor
Freehold, NJ 07728

The Honorable Douglas H. Hurd, P.J.Cv.
Mercer County Civil Courthouse
175 South Broad Street, Floor 3
Trenton, NJ 08650

The Honorable Joseph L. Rea, J.S.C.
Middlesex County Courthouse
56 Paterson Street, PO Box 964, 4th Floor
New Brunswick, NJ 08903

The Honorable Marcy M. McMann, J.S.C.
Records and Administration Building
Court Street, 4th Floor
Morristown, NJ 07963

> **Re:** **Atlas Data Privacy Corporation, et al. v. Enformion, LLC, et al.,**
> **Docket No.: BER-L-767-24**
> **Atlas Data Privacy Corporation, et al. v. PIPL, Inc. et al.,**
> **Docket No.: MON-L-481-24**
> **Atlas Data Privacy Corporation, et al. v. Whitepages, Inc., et al.,**
> **Docket No.: MER-L-270-24**
> **Atlas Data Privacy Corporation, et al. v. NJ Property Records, LLC, et al.,**
> **Docket No.: MID-L-811-24**
> **Atlas Data Privacy Corporation, et al. v. Melissa Data Corp., et al.,**
> **Docket No.: MRS-L-224-24**

Dear Judge:

We write on behalf of the Plaintiffs in the above referenced matters and the matters in the enclosed notices of motion. Plaintiffs' motions to consolidate all Daniel's Law actions filed by Plaintiffs on March 12, 2024 in Bergen County, Monmouth County, Mercer County, Middlesex County, and Morris County are currently returnable on March 28, 2024 (the "Motions").

Newark, NJ  •  New York, NY  •  Lambertville, NJ  •  Philadelphia, PA  •  Jersey City, NJ  •  Basking Ridge, NJ



The Honorable John D. O'Dwyer, P.J.Cv.
The Honorable Douglas H. Hurd, P.J.Cv.
The Honorable Marcy M. McMann, J.S.C.
The Honorable Lourdes Lucas, J.S.C.
The Honorable Joseph L. Rea, J.S.C.
March 19, 2024
Page 2 of 2

To preserve judicial resources and alleviate the burden on courts with filing approximately one-hundred and fifty (150) motions to consolidate across five (5) counties, Plaintiffs filed one (1) consolidation motion in the first action filed in the aforementioned counties. Plaintiffs are hopeful that Defendants will likewise file any opposition(s) under these dockets to reduce the total number of communications and/or motion papers filed by counsel and reduce the burden on the courts.

Since filing the Motions, Plaintiffs' counsel have emailed numerous counsel who had advised via email that they represent Defendants in these actions, providing the identified defense counsel with a courtesy copy of Plaintiffs' motion to consolidate. It appears that most of those counsel have not yet filed notices of appearance with the courts, and Plaintiffs' counsel are hopeful that they do that soon to provide for a more streamlined notification process going forward.

Counsel for a number of the Defendants have requested an adjournment of the pending motions to consolidate.

In an effort to accommodate the adjournment requests from Defendants' counsel, and to provide an additional opportunity for counsel and any non-represented Defendants to review and respond to Plaintiffs' motions to consolidate and respond thereto, Plaintiffs are willing to adjourn the motions one (1) motion cycle.

Plaintiffs respectfully request an adjournment of the motions from March 28, 2024 to April 12, 2024. Plaintiffs also respectfully propose and request that any opposition(s) by Defendants must be filed on or before April 1, 2024, and any reply brief(s) by Plaintiffs must be filed on or before April 8, 2024. As noted, Plaintiffs are hopeful that Defendants will coordinate with regards to any opposition(s), to reduce the burden on the courts.

Thank you for your time and attention to this matter.

Respectfully submitted,

**GENOVA BURNS LLC**

s/Rajiv D. Parikh

RAJIV D. PARIKH

RDP/JJB:lq
17480522(25221.001)

Genova Burns LLC

Newark, NJ  •  New York, NY  •  Lambertville, NJ  •  Philadelphia, PA  •  Jersey City, NJ  •  Basking Ridge, NJ

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ENFORMION, LLC, ENFORMION HOLDCO INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000767-24 <br><br> <u>**CIVIL ACTION**</u> <br><br> **NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MYLIFE.COM, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000768-24 <br><br> <u>**CIVIL ACTION**</u> |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000769-24 <br><br> <u>**CIVIL ACTION**</u> |

SOCIAL CATFISH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,

              Defendants.

---

ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,

              Plaintiffs,

v.

COSTAR GROUP, INC., COSTAR REALTY INFORMATION, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,

              Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, BERGEN COUNTY
DOCKET NO.: BER-L-000770-24

**CIVIL ACTION**

---

ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,

              Plaintiffs,

v.

SCALABLE COMMERCE, LLC, NATIONAL DATA ANALYTICS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,

              Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, BERGEN COUNTY
DOCKET NO.: BER-L-000771-24

**CIVIL ACTION**

---

ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,

              Plaintiffs,

v.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, BERGEN COUNTY
DOCKET NO.: BER-L-000772-24

**CIVIL ACTION**

INTELAGE SYSTEMS CORP., RICHARD
ROES 1-10, fictitious names of unknown
individuals and ABC COMPANIES 1-10,
fictitious names of unknown entities,

        Defendants.

---

ATLAS DATA PRIVACY CORPORATION, as
assignee of individuals who are Covered Persons,
et al.,

        Plaintiffs,

v.

CORELOGIC, INC., RICHARD ROES 1-10,
fictitious names of unknown individuals and ABC
COMPANIES 1-10, fictitious names of unknown
entities,

        Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, BERGEN COUNTY
DOCKET NO.: BER-L-000773-24

**CIVIL ACTION**

---

ATLAS DATA PRIVACY CORPORATION, as
assignee of individuals who are Covered Persons,
et al.,

        Plaintiffs,

v.

BOUNDARY SOLUTIONS,
INCORPORATED, RICHARD ROES 1-10,
fictitious names of unknown individuals and ABC
COMPANIES 1-10, fictitious names of unknown
entities,

        Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, BERGEN COUNTY
DOCKET NO.: BER-L-000793-24

**CIVIL ACTION**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>SWORDFISH AI INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000794-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>      Plaintiffs,<br>      v.<br><br>TRANSUNION, LLC, NEUSTAR, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000810-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>GREENFLIGHT VENTURE CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000811-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000812-24 |
|        Plaintiffs,<br>    v. | **CIVIL ACTION** |
| LABELS & LISTS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
|        Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000813-24 |
|        Plaintiffs,<br>    v. | **CIVIL ACTION** |
| ONXMAPS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
|        Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000814-24 |
|        Plaintiffs,<br><br>v. | **CIVIL ACTION** |
| LUSHA SYSTEMS INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|        Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>UNMASK LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>              Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000815-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>              Plaintiffs,<br>      v.<br><br>MAPRIGHT INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>              Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000818-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>              Plaintiffs,<br>v.<br><br>PRECISELY HOLDINGS LLC, PRECISELY SOFTWARE INC., PRECISELY SOFTWARE LTD., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>              Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000819-24<br><br>**<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DELUXE CORPORATION, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION, BERGEN COUNTY <br> DOCKET NO.: BER-L-000821-24 <br><br> **<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV <br><br> Plaintiffs, <br><br> v. <br><br> SYNC.ME TECHNOLOGIES, LTD., SYNC.ME LTD, RICHARD ROES 1-10, <br> fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION, BERGEN COUNTY <br> DOCKET NO.: BER-L-000822-24 <br><br> **<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, and PETER ANDREYEV,<br><br>               Plaintiffs,<br><br>      v.<br><br>OFFICIALUSA.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000849-24<br><br><u>**CIVIL ACTION**</u> |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>               Plaintiffs,<br>v.<br><br>E-MERGES.COM INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000854-24<br><br><u>**CIVIL ACTION**</u> |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000855-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| MAIN STREET RESPONSE LLC, DBA ID TRUE, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000856-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| YARDI SYSTEMS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000866-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| NATIONAL SEARCH ASSOCIATION CORP, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000867-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ATDATA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000868-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CLARITAS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000869-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SAGEWIRE RESEARCH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000870-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| GOHUNT, LLC, GOHUNT MANAGEMENT HOLDINGS, LLC, GOHUNT MANAGEMENT HOLDINGS II, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

ATLAS DATA PRIVACY CORPORATION, as
assignee of individuals who are Covered Persons,
et al.,

              Plaintiffs,

v.

RE/MAX, LLC, RICHARD ROES 1-10, fictitious
names of unknown individuals and ABC
COMPANIES 1-10, fictitious names of unknown
entities,

              Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, BERGEN COUNTY
DOCKET NO.: BER-L-000871-24

**CIVIL ACTION**

---

ATLAS DATA PRIVACY CORPORATION, as
assignee of individuals who are Covered Persons,
et al.,

              Plaintiffs,

v.

INFOMATICS LLC, RICHARD ROES 1-10,
fictitious names of unknown individuals and ABC
COMPANIES 1-10, fictitious names of unknown
entities,

              Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, BERGEN COUNTY
DOCKET NO.: BER-L-000872-24

**CIVIL ACTION**

---

ATLAS DATA PRIVACY CORPORATION, as
assignee of individuals who are Covered Persons,
et al.,

              Plaintiffs,

v.

ROCKETREACH LLC, RICHARD ROES 1-10,
fictitious names of unknown individuals and ABC
COMPANIES 1-10, fictitious names of unknown
entities,

              Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, BERGEN COUNTY
DOCKET NO.: BER-L-000873-24

**CIVIL ACTION**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ZILLOW, INC., ZILLOW GROUP, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000874-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>LEXISNEXIS RISK DATA MANAGEMENT, LLC, RELX, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000875-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>QUANTARIUM ALLIANCE, LLC, QUANTARIUM GROUP, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000878-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>       Plaintiffs,<br><br>    v.<br><br>ORACLE INTERNATIONAL CORPORATION, ORACLE AMERICA, INC., ORACLE CORP., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000917-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>AMSIVE, LLC, AMSIVE AQ LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000918-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000919-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| EQUIFAX INC., KOUNT INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000920-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CHOREOGRAPH LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000969-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| THE ALESCO GROUP, L.L.C., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000970-24 |
|        Plaintiffs, | **CIVIL ACTION** |
| v. | |
| USPHONESEARCH.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|        Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-000971-24 |
|        Plaintiffs, | **CIVIL ACTION** |
| v. | |
| EDVISORS NETWORK, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|        Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, BERGEN COUNTY DOCKET NO.: BER-L-001038-24 |
|        Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INNOVATIVE WEB SOLUTIONS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
|        Defendants. | |

TO:       All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Bergen County, 10 Main Street, Hackensack, New Jersey 07601 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461411v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br>    Plaintiffs, <br><br>    v. <br><br> WHITEPAGES INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000270-24 <br><br> <u>**CIVIL ACTION**</u> <br><br> **NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br>    Plaintiffs, <br><br>    v. <br><br> BLACK KNIGHT TECHNOLOGIES, LLC, BLACK KNIGHT, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000271-24 <br><br> <u>**CIVIL ACTION**</u> |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>            Plaintiffs,<br><br>      v.<br><br>THE LIFETIME VALUE CO. LLC, BEENVERIFIED, INC., NEIGHBORWHO LLC, THE NUMBERGURU, LLC, PEOPLELOOKER LLC, PEOPLESMART LLC, OWNERLY, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000272-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>            Plaintiffs,<br><br>      v.<br><br>ATTOM DATA SOLUTIONS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000273-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>            Plaintiffs,<br><br>      v.<br><br>MYHERITAGE LTD., MYHERITAGE (USA), INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000282-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000283-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| ACXIOM LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000284-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| FORTNOFF FINANCIAL LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000285-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| HIYA INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>LUCKY2MEDIA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000286-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>      Plaintiffs,<br><br>      v.<br><br>VOTERRECORDS.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000288-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000290-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| VALASSIS DIGITAL CORP., VALASSIS COMMUNICATIONS, INC., VERICAST CORP, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000292-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CIVIL DATA RESEARCH, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000293-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| PROPERTYRADAR, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000294-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| PREVILON, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000297-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| I360, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000299-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SCSD HOLDINGS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000308-24 |
| Plaintiffs, | **<u>CIVIL ACTION</u>** |
| v. | |
| DYNATA LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000309-24 |
| Plaintiffs, | **<u>CIVIL ACTION</u>** |
| v. | |
| LIGHTBOX PARENT, L.P., LIGHTBOX HOLDINGS, L.P., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000310-24 |
| Plaintiffs, | **<u>CIVIL ACTION</u>** |
| v. | |
| SMARTY, LLC, SMARTYSTREETS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ADSTRA, LLC, ADSTRA INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000311-24 <br><br> **<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, JANE DOE-1, a law enforcement officer, JANE DOE-2, a law enforcement officer, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> COCOFINDER.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000319-24 <br><br> **<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000320-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| AREAPLOT, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000328-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| FIRST DIRECT, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MERCER COUNTY DOCKET NO.: MER-L-000335-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| TELEPHONEDIRECTORIES.US, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

TO:    All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Mercer County, 175 S. Broad Street, Trenton, New Jersey 08608 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461427v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

---

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> NJ PROPERTY RECORDS, LLC, STATE INFORMATION SERVICES LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000811-24 <br><br> <u>**CIVIL ACTION**</u> <br><br> **NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, and PATRICK COLLIGAN, <br><br> Plaintiffs, <br><br> v. <br><br> TRUE SOFTWARE SCANDINAVIA AB, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000812-24 <br><br> <u>**CIVIL ACTION**</u> |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000814-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| DIGITAL SAFETY PRODUCTS, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000815-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INFOPAY, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000847-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| RADARIS, LLC, RADARIS AMERICA, INC., ANDTOP CORP., ALBERA LIMITED BITSELLER EXPERT LIMITED, ACCURACY CONSULTING LTD., VIRTURA CORP., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACCURATE APPEND, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000848-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OUTSIDE INTERACTIVE, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000849-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> GLAD I KNOW INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000850-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TELTECH SYSTEMS, INC., EPIC ENTERPRISES, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000859-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN, <br><br> Plaintiffs, <br><br> v. <br><br> ALLPEOPLE.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000898-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and PETER ANDREYEV,<br><br>       Plaintiffs,<br><br>v.<br><br>REVEALNAME.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000901-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>VERISK ANALYTICS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000903-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>SEARCHBUG, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000904-24<br><br>**CIVIL ACTION** |

Defendants.

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000915-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| FIRST AMERICAN FINANCIAL CORPORATION, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000988-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| 6SENSE INSIGHTS, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000989-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| GIANT PARTNERS, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000990-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| DM GROUP, INC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000991-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INSIDERE, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-000992-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| OWMN, LTD., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-001052-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| AMERILIST INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-001063-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| PEOPLEWHIZ, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MIDDLESEX COUNTY DOCKET NO.: MID-L-001221-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| STIRISTA, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |

TO:      All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Middlesex County, 56 Paterson Street, New Brunswick, New Jersey 08901 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461434v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>PIPL, INC., RICHARD ROES 1-10, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000481-24<br><br>**CIVIL ACTION**<br><br><br>**NOTICE OF MOTION TO CONSOLIDATE** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>RED VIOLET, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000482-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>       Plaintiffs,<br><br>    v.<br><br>DATA AXLE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000483-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>       Plaintiffs,<br><br>    v.<br><br>PEOPLECONNECT, INC., PEOPLECONNECT HOLDINGS, INC., INTELIUS, LLC, PEOPLECONNECT INTERMEDIATE, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000484-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>       Plaintiffs,<br><br>    v.<br><br>BATCHSERVICE LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000485-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>JOY ROCKWELL ENTERPRISES, INC DBA POSTCARDMANIA PCM LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000486-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>CHECKPEOPLE, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000506-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>WILLIAM R. WETZEL, WENDY E. WETZEL, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000507-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>BELLES CAMP COMMUNICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, MONMOUTH<br>COUNTY<br>DOCKET NO.: MON-L-000508-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>RESTORATION OF AMERICA, VOTER REFERENCE FOUNDATION LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, MONMOUTH<br>COUNTY<br>DOCKET NO.: MON-L-000510-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLNUT.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, MONMOUTH<br>COUNTY<br>DOCKET NO.: MON-L-000512-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>PEOPLE DATA LABS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000515-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SEARCH QUARRY, LLC, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000516-24<br><br>CIVIL ACTION |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>PETER KAWASAKI, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000517-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>EPSILON DATA MANAGEMENT, LLC, CONVERSANT LLC, CITRUS AD INTERNATIONAL, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000533-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>COMPACT INFORMATION SYSTEMS, LLC, ACCUDATA INTEGRATED MARKETING, INC., ALUMNIFINDER, ASL MARKETING, INC., COLLEGE BOUND SELECTION SERVICE, DEEPSYNC LABS, HOMEDATA, STUDENT RESEARCH GROUP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY<br>DOCKET NO.: MON-L-000534-24<br><br>**CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY DOCKET NO.: MON-L-000535-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| EQUIMINE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY DOCKET NO.: MON-L-000537-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| NEIGHBOR.REPORT, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY DOCKET NO.: MON-L-000539-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SPECIALISTS MARKETING SERVICES, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ACCUZIP, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000554-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WILAND, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000577-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LTRAC LLC, BUILDOUT, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MONMOUTH COUNTY <br> DOCKET NO.: MON-L-000694-24 <br><br> **CIVIL ACTION** |

TO:    All Defendants and Counsel of Record

PLEASE TAKE NOTICE that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Monmouth County, 71 Monmouth Street, Freehold, New Jersey 07728 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

PLEASE TAKE FURTHER NOTICE that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

PLEASE TAKE FURTHER NOTICE that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

PLEASE TAKE FURTHER NOTICE that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461447v1 (25221.001)

**GENOVA BURNS LLC**
Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn, Esq. (040161992)
494 Broad Street
Newark, New Jersey 07102
Telephone: (973) 533-0777
*Attorneys for Plaintiffs*

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000224-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | **NOTICE OF MOTION TO CONSOLIDATE** |
| MELISSA DATA CORP, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000225-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| NUWBER, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000226-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| TWILIO INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and | |

ABC COMPANIES 1-10, *fictitious names of unknown entities*,

        Defendants.

---

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,

        Plaintiffs,

        v.

SPOKEO, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

        Defendants.

| | |
|---|---|
| | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000227-24 |
| | **CIVIL ACTION** |

---

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,

        Plaintiffs,

        v.

ZENLEADS INC. D/B/A APOLLO.IO, ZENLEADS HOLDINGS LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

        Defendants.

| | |
|---|---|
| | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000228-24 |
| | **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000229-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| 411.INFO CORP., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000230-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| DATABASEUSA.COM LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000231-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| REIPRO LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000237-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CALLERSMART INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000241-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SKOPENOW, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000242-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| DEHASHED.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000243-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| BLACKBAUD, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000244-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| DELVEPOINT, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000245-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| INFORMATION.COM LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000247-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| LOCATEPLUS HOLDINGS CORPORATION (F.K.A. LOCATE PLUS.COM, F.K.A. WORLDWIDE INFORMATION INC.), RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, as assignee of individuals who are Covered Persons, et al., | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000249-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| VERICORA.COM, RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000256-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| CLUSTRMAPS.COM, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE PEOPLE SEARCHERS, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000257-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>REMINE INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000258-24<br><br>**<u>CIVIL ACTION</u>** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SPY DIALER, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000259-24<br><br>**<u>CIVIL ACTION</u>** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000260-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| TELNYX LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000261-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| THRYV, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000263-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SPYCLOUD, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CARCO GROUP INC., INTELLICORP RECORDS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000270-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COMMERCIAL REAL ESTATE EXCHANGE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000271-24 <br><br> **CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> INNOVIS DATA SOLUTIONS, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000285-24 <br><br> **CIVIL ACTION** |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000286-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| SAP AMERICA, INC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000320-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| THOMSON REUTERS CORPORATION, THOMSON REUTERS HOLDINGS INC., THOMSON REUTERS CANADA LIMITED, THOMSON REUTERS APPLICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000323-24 |
| Plaintiffs, | **CIVIL ACTION** |
| v. | |
| US DATA CORPORATION, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE OPEN DATA PEOPLE, INC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000325-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WE INFORM, LLC, RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000379-24<br><br>**CIVIL ACTION** |
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AGR GROUP INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION, MORRIS COUNTY DOCKET NO.: MRS-L-000483-24<br><br>**CIVIL ACTION** |

TO:   All Defendants and Counsel of Record

**PLEASE TAKE NOTICE** that on March 28, 2024 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned, attorneys for Plaintiffs will move before the Superior Court of New Jersey, Morris County, 56 Washington Street, Morristown, New Jersey 07960 for an Order pursuant to R. 4:38-1(a) consolidating the aforementioned actions for discovery and case management purposes only.

**PLEASE TAKE FURTHER NOTICE** that, in support of this application, Plaintiffs will rely upon the attached Certification of Rajiv D. Parikh, Esq., as well as the attached supporting Memorandum of Law.

**PLEASE TAKE FURTHER NOTICE** that a proposed form of Order is also submitted herewith pursuant to R. 1:6-2.

**PLEASE TAKE FURTHER NOTICE** that pursuant to R. 1:6-2(d), Plaintiffs request oral argument if timely opposition is filed by Defendants.

Respectfully submitted,

**GENOVA BURNS LLC**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

Dated: March 12, 2024

17461459v1 (25221.001)